## JAMES V. JOHNSTON

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. NON EST FACTUM — *when pleadable.* The plea of *non est factum* is not a proper plea to a *scire facias* upon a recognizance which has become a matter of record.

2. RECOGNIZANCE — *by whom to be taken.* A party having been examined upon a charge of larceny before a single justice of the peace, was required to enter into a recognizance for his appearance at the next term of the Circuit Court; failing to comply with this requirement, he was committed to jail. Four days afterwards, the committing magistrate, alone, took the recognizance of the prisoner, and the recognizance was held to be valid.

3. SUNDAY — *judicial acts.* Generally, judicial acts cannot be performed on Sunday.

4. SAME — *entering into recognizance — by the common law and the statute.* But the entering into a recognizance by one charged with a criminal offense, is not such a judicial act as to render its execution void, either at the common law or under the 144th section of the criminal code, because it was entered into on Sunday.

5. SAME — *acts of necessity under the statute.* The 144th section of the criminal code which prohibits all labor on Sunday, works of necessity and charity excepted, does not mean by the word "necessity," a physical and absolute necessity, but a moral fitness or propriety of the work done under the circumstances of each particular case.

6. Any work, therefore, necessary to be done to secure the public safety, by the safe keeping of a felon, or delivering him to bail, must come within the true meaning of the exception in the statute.

WRIT OF ERROR to the Circuit Court of the county of Jo Daviess; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

Charles McClellan having been arrested on a charge of larceny, was, on the 5th day of June, 1861, brought before Henry C. Park, Esq., a justice of the peace in the county of Jo Daviess, for examination, and was required by the justice to enter into a recognizance for his appearance at the next term of the Circuit Court. Failing to comply with this requirement, the prisoner was committed to jail. On the

9th of the same month, which was Sunday, the prisoner, with James C. Johnston as his security, entered into a recognizance before the committing magistrate, Park, and was thereupon discharged from imprisonment.

McClellan failing to appear in pursuance of the terms of his recognizance, which had been duly certified to the Circuit Court, a judgment of forfeiture was entered thereon, and on the 3rd day of October, 1862, a *scire facias* issued, to which Johnston, the security, pleaded, *first*, *non est factum*, and *second*, that the supposed recognizance was executed by the parties and approved by the justice on Sunday, and was therefore void.

Issue was joined upon the plea of *non est factum*, and to the second plea a demurrer was interposed, which was sustained by the Circuit Court.

The issue upon the first plea being, by agreement, submitted to the court for trial, was found against the defendant, Johnston, and an execution was awarded accordingly.

Johnston thereupon sued out this writ of error, and the questions presented are, *first*, whether the plea of *non est factum* was a proper plea in this proceeding; *second*, whether the committing magistrate had authority to take the recognizance; and *third*, whether the recognizance was void by reason of having been executed and approved on Sunday.

Messrs. E. A. SMALL, and LELAND & BLANCHARD, for the plaintiff in error.

1. A single justice has no power to bail a prisoner out of jail, but a judge or two justices are necessary. Purple's Stat. 409, sec. 252. A recognizance entered into before one who has no authority to take it, is void. *Pate* v. *The People*, 15 Ill. 221; *Solomon* v. *The People*, 15 Ill. 291; *Shattuck* v. *The People*, 4 Scam. 477; *Commonwealth* v. *Loveridge*, 11 Mass. 337; *State* v. *McGunnegle*, 3 Missouri, 702.

2. The recognizance having been entered into on Sunday, was void for that reason.

*First*, it is void under the 144th section of the criminal

code (Rev. Stat. 1845, 177), which prohibits the disturbance of the peace and good order of society by labor or amusement on Sunday, works of necessity or charity excepted.

An examination of the English cases will establish the general proposition that any labor, public or private, on the Lord's day, having been prohibited by statute, all contracts on that day are void. *Fennell* v. *Ridlen*, 11 Eng. Com. Law, 517; *Smith* v. *Sparrow*, 13 Eng. Com. Law, 351.

Whether the labor must have been within " one's ordinary calling " is of no moment here, as these words are not in our statute. *Gillett* v. *Mawmun*, 1 Taunt. 136.

In Indiana, under a statute to the effect that if any person shall be found at common labor on Sunday he shall be fined, etc., a note and a replevin bond executed on Sunday were held void. 4 Ind. 621; 7 Blackford, 479.

Similar in principle are the decisions in Alabama, under a statute substantially like that in Indiana. 13 Ala. 403.

So also in New York. 19 Barb. 581.

So in Vermont. 18 Vermont, 379.

So in Maine. 26 Maine, 464.

So in Michigan. 2 Douglass, 73.

And in Massachusetts, in *Pattee* v. *Greely*, 13 Metcalf, 284.

See also, *Varney* v. *French*, 19 N. Hamp. 233.

*Second*, a judicial act performed on Sunday is void by the common law. *Baxter* v. *The People*, 3 Gilm. 384; *Darling* v. *Hubbell*, 9 Conn. 355. The taking of a recognizance is a judicial, not a ministerial act. *State* v. *Sahar*, 33 Maine, 539; *Mory* v. *Elliott*, 8 Cowen, 27; *Chapman* v. *The State*, 5 Blackf. 111; *Pearce* v. *Atwood*, 13 Mass. 324; *Commonwealth* v. *Little*, 1 A. K. Marshall, 566; *Commonwealth* v. *Mason*, 4 A. K. Marshall, 456; *Commonwealth* v. *Edwards*, 1 J. J. Marshall, 352; *Todd & Means* v. *The State*, 1 Missouri, 403.

Mr. D. P. JONES, State's Attorney, for the People.

The plea of *non est factum* was not a proper plea in this proceeding. That plea operates as a denial of the execution

of the instrument in point of *fact;* the defendant cannot deny, by such plea, its validity in point of *law.* Steph. Pl. 158; 1 Saund. Pl. and Ev. 312, 658, 869; 5 Co. 119 *a*; 1 Mod. 58; 2 Saund. 154 and 59, note 3.

Where an instrument is void by statute or at common law, as in cases of usury, gaming, etc., that defense must be pleaded specially, and cannot be set up under the plea of *non est factum.* 1 Saund. Pl. and Ev. 904.

The defense that the recognizance was entered into on Sunday, comes within this rule.

The taking of the recognizance was not such a judicial act as might not be done on Sunday. 5 Term R. 170.

The exception in the statute, of works of necessity, does not imply an absolute necessity, but acts in which there is a moral fitness and propriety, are included. 6 Mass. R. 76; 13 ib. 354; 4 Cush. 244.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This is a *scire facias* upon a recognizance taken before a justice of the peace, and duly certified to the Circuit Court of Jo Daviess county. When so certified, it became a record of that court; consequently, the plea of *non est factum* was not a proper plea to the action.

It does not appear from the recognizance, that the prisoner had been committed by two justices of the peace. The condition recites that the prisoner was brought before the justice of the peace who took the recognizance, on the fifth day of June, on a charge of larceny. This gave the justice jurisdiction to hear the charge and admit the party to bail.

It is objected, however, that the recognizance is void, having been taken and acknowledged on Sunday, and therefore not binding on the surety.

It is said, that entering into a recognizance, is a judicial act, which, by the common law, if performed on Sunday renders the act void.

Generally, judicial acts cannot be performed on Sunday, yet, verdicts of juries have been received on that day, and

held valid. *Hoghtaling* v. *Osborn*, 15 Johns. 119; *Baxter* v. *The People*, 3 Gilm. 368.

We do not consider the act of entering into a recognizance to be such a judicial act as to render its execution void because it was entered into on Sunday. It has none of the elements of a judicial proceeding, except that it is taken and acknowledged before a judicial officer, and is not, therefore, void by the common law.

It is said, however, that it is a violation of section 144 of the criminal code, and therefore void.

That section imposes a fine not exceeding five dollars upon any person who shall knowingly disturb the peace and good order of society by labor or amusement on Sunday, works of necessity and charity excepted.

What are works of necessity and charity? As was said in the case of *Flagg* v. *The Inhabitants of Millbury*, 4 Cushing, 244, we are not to understand by the word "necessity," a physical and absolute necessity, but a moral fitness or propriety of the work done under the circumstances of each particular case. Any work, therefore, necessary to be done to secure the public safety, by the safe keeping of a felon, or delivering him to bail, must come within the true meaning of the exception in the statute. Neither the peace or good order of society is disturbed by such a proceeding, which may be both secretly and silently conducted. And besides, it might be possible a prisoner could not secure the attendance of his surety on the next day, the consequence of which would be, that he would, though innocent, have to be committed to jail. It would be a charitable act, under such circumstances, to take a recognizance. We are therefore of opinion, that both at common law, and in the exceptions of our statute, the recognizance, though taken on Sunday, was valid and binding.

The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*