## Case No. 7,847.

### KIRKPATRICK v. BALTIMORE & O. R. CO.

[24 Pittsb. Leg. J. 51; 9 Chi. Leg. News, 50; 1 Cin. Law Bul. 266.]

Circuit Court, S. D. Ohio. 1876.

MOTION TO SUPPRESS DEPOSITIONS.

1. As a general rule, judicial acts cannot be performed on Sunday.

2. The adjournment of taking of depositions from Saturday to Sunday, and from Sunday to Monday, is illegal, and depositions taken on Monday, upon such adjournment, cannot be read at the trial of the cause.

[This was a suit by James M. Kirkpatrick against the Baltimore & Ohio Railroad Company.]

Smyth, Follett & Cochran, for plaintiff.

Hoadly, Johnston & Colsten, for defendant.

SWING, District Judge. On the 2d day of February, 1876, the defendant served upon the plaintiff, notice that it would take the depositions of T. L. McEwen and G. W. Pollock and others, at the sitting room of the West House Hotel, in city of Sandusky, Erie county, Ohio, on Saturday, the 5th day of February, 1876, between the hours of 8 o'clock a. m. and 6 o'clock p. m., and to continue from day to day, between the same hours, till completed. On Saturday, the 5th day of February, the defendant and the plaintiff, by their attorneys, appeared at the place named in the notice, before Waller W. Bowen, a notary public, and the defendant offered as a witness A. W. Powers, who was sworn and asked his age and residence, of his acquaintance with the plaintiff, and if he was upon the train when the accident occurred; he answered he did not know the plaintiff, and was not upon the train. No cross examination of this witness was had, and the further taking of the depositions was continued to the next

day (Sunday), February 6th, 10 o'clock a. m. On Sunday the 6th, at the hour of adjournment, W. L. Hager was sworn and examined as a witness, but had neither knowledge of the parties, or of the controversy, no cross examination was had, nor was any person present representing the plaintiff. After the examination of this witness, the further taking of depositions was adjourned to Monday, February 7th, when the depositions of three witnesses, bearing upon the matters in issue, were taken. No cross examination of these witnesses was had, nor was any person representing the plaintiff present.

The plaintiff moves the court to suppress the depositions. The motion is based upon two grounds: 1. That in law no depositions were taken on the day specified in the notice, and therefore no adjournment could be had. 2. If depositions were taken, so that an adjournment could have been legally made, that the adjournment from Saturday to Sunday, and from Sunday to Monday, was not legal.

The first ground of objection rests upon the assumption that the witness J. B. Bowers was called upon by the defendant, with the full knowledge that he knew nothing of the matter in controversy, and for the sole purpose of coming within the letter of the notice. If this were so, whether it would be illegal or not, is not necessary for us to decide, as the view we have taken of the other ground disposes of the motion. We may however remark that the practice is a general one, and in most of cases works no injury, but it is one which, if permitted, should not be encouraged.

Upon the second ground of the motion, I entertain no doubt. Says Judge Hopkins in Re Worthington [Case No. 18,052]: "Sunday at common law was regarded as dies non juridicus. In Bedoe v. Alpe, W. Jones, 156, the court says that Sunday was not a dies juridicus for the awarding of any process nor for entering any judgment of record. Van Vechten v. Paddock, 12 Johns. 178." And no distinction was recognized between ministerial and judicial acts. Hoyle v. Cornwallis, 1 Strange, 387; 2 Inst. 264.

In the case of Johnson v. People, 31 Ill. 469, the court laid down the general proposition, that judicial acts cannot be performed on Sunday, but they held in that case that a recognizance taken by a magistrate on Sunday was good, for the reason that it was necessary to secure the public peace or safety. And the same general doctrine is recognized by the same court in the recent case of Langaber v. Railroad Co., 6 Chi. Leg. News, 100, but they held that an injunction to prevent a great wrong and an irreparable injury, might be issued upon Sunday: and we might refer to numerous authorities in which the general doctrine is recognized, and the exceptions placed upon the necessities of the case, or upon some statutory provision. No such necessity existed in this case: there was nothing in the condition of the parties or the witnesses that made it necessary that they should proceed on Sunday; neither was there anything in the law which required an adjournment from Saturday to Sunday, and from that day to Monday, to save the notice; an adjournment from Saturday to Monday, would have secured this object. Neither is there anything in the statutes of Ohio, which would seem to favor the legality of such acts. The statute makes it an offence to be found at common labor on Sunday, excepting from its operation works of necessity and charity only. This as already shown was not a work of necessity, and certainly in no just sense can it be classed as a work of charity. Looking at the question solely in a legal point of view we are of the opinion that the action of the notary in adjourning the taking of the depositions to Sunday, and his adjournment from Sunday to Monday, was without authority of law, and this opinion does not contravene the authority of Stapleton v. Reynolds, 1 Cin. Law Bul. 249, and the other cases referred to. The motion to suppress is therefore sustained.