## People of the State of Illinois v. Joseph Cook and W. T. Shawley.

1. RECOGNIZANCE—*Defined.*—A recognizance is an obligation of record, entered into before a court or officer duly authorized for that purpose, with a condition to do something required by law, which is therein specified.

2. SAME—*Requisites of the Obligation.*—To be valid the recognizance must be taken before a court or officer duly authorized, and if taken before one justice o' the peace, where the statute requires two, it will be void.

**Scire Facias**, on a forfeited recognizance. Appeal from the Circuit Court of Warren County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

MAURICE T. MOLONEY, Attorney-General, and CHARLES A. McLAUGHLIN, State's Attorney, for appellant; T. J. SCOFIELD and M. L. NEWELL, of counsel.

GRIER & STEWART, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a proceeding upon a *scire facias* issued by the clerk of the Circuit Court of Warren County, July 1, 1895, returnable to the next September term, against Joseph Cook, M. Cook and W. T. Shawley, citing them to appear and show cause, if any they could, why execution should not be issued against them, being the penalty expressed in a recognizance entered into by Joseph Cook as principal, and M. Cook and W. T. Shawley as sureties. The *scire facias* was demurred to by M. Cook and W. T. Shawley, and the demurrer was sustained by the court, and they were discharged from liability on the bond and judgment rendered in their favor for costs.

From that judgment an appeal is taken to this court.

The record shows that on May 4, 1895, Joseph Cook and William Robinson were arrested and brought before John

M. Turnbull, a police magistrate, charged with the crime of burglary.

Joseph Cook waived examination and was committed to jail, for want of bail in the sum of $500.

On the 7th day of May he was brought out of jail before the said John M. Turnbull, police magistrate, and released from custody upon appellees signing the recognizance in question. No other justice sat with the police magistrate taking the recognizance.

The police magistrate undoubtedly had jurisdiction, undoubtedly had the right in the first instance to fix the amount of bail Cook should give, and to commit him to jail for the want of bail, but the question arises, on this record, whether he had a right to release Cook, without the concurrence of another justice, in the manner he did. The statute prescribes the mode and manner in which a person committed to jail on a criminal charge for want of bail may be released. Section 6 of Division 3 of the Criminal Code, Section 299, Hurd's Revised Statute, provides as follows : " Where any person shall be committed to jail on a criminal charge for want of good and sufficient bail (except for treason, murder or other offense punishable with death), or for not entering into a recognizance to appear and testify, any judge or any two justices of the peace may take bail or recognizance in vacation and may discharge such prisoner from his imprisonment."

It will be seen from the record that Turnbull, the police magistrate, acted alone in this instance in taking the recognizance and discharging the prisoner, Cook, and that he failed to follow the statute above quoted.

It is contended by counsel for plaintiff in error that although the statute was not followed, and although only one justice acted, that the recognizance was entered into by the defendants in error voluntarily, and is therefore good, and that they should be estopped from denying its validity.

A recognizance is defined to be " an obligation of record entered into before a court or officer duly authorized for that purpose, with a condition to do some act required by

law which is therein specified." 2 Bouvier's Law Dictionary; Bacon et al. v. The People, 14 Ill. 312.

From the above definition it will be seen that a recognizance, to be valid and binding, must be taken before a court or officer duly authorized. It would, therefore, follow that a recognizance taken before a court or officer not duly authorized would be void. And in this case the recognizance was taken before one justice where two were required by statute; therefore the one justice had no more authority to accept bail than any indifferent person. All of which clearly appears of record.

The exact case presented by this record has not, probably, been passed upon by the Supreme Court of this State, but the higher courts of other States in similar cases to this have held that a bond taken by an unauthorized officer is neither good as a statutory bond nor as a common law obligation. Dickenson et al. v. The State, 29 N. W. Rep. 184, 20 Nebraska, 72; see also The State v. Clark et al., 15 Ohio, 595; also Powell v. The State of Ohio, 15 Ohio, 579. The case of The People v. Meachem, 74 Illinois, 292, cited by counsel for plaintiff in error, does not appear to be the same in principle. The justice had jurisdiction and was held to be a *de facto* officer, hence his acts were valid; and none of the other cases cited by appellant do we regard as being analogous in principle.

We are satisfied that the decision of the Circuit Court in sustaining the demurrer to the *scire facias* was correct.

The judgment of the Circuit Court is therefore affirmed.