DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1905.

Cornelius Reardon et al. v. The People of the State of Illinois.

Gen. No. 4,449.

1. JUSTICE OF THE PEACE—*when loses jurisdiction to commit to bail.* When a justice of the peace has entered an order of commitment, issued a *mittimus*, and delivered it to the officer who took charge of the prisoner and left the court room, he has lost jurisdiction to commit the prisoner to bail, irrespective of his having actually been incarcerated.

2. RECOGNIZANCE—*when void.* A recognizance given before a magistrate, who is without jurisdiction to receive the same, is void.

Action upon recognizance. Appeal from the Circuit Court of Grundy County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1904. Reversed. Opinion filed April 25, 1905. Rehearing denied October 17, 1905.

J. W. RAUSCH, for appellant.

C. F. HANSON, State's Attorney, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Grundy County, in favor of the People of the State of Illinois, based on a forfeited recognizance.

In October, 1902, Henry Brush was arrested on a charge of larceny by the city marshal of Morris, and brought be-

fore the police magistrate, John Schroder, where he waived examination, and his bail was fixed at $100. Brush was a stranger in Morris, and had no bail to offer at this time. The police magistrate thereupon made out a *mittimus* for his commitment to jail and delivered it to Sheriff Johnson, who took charge of the prisoner and left the office with him. In the course of an hour or two Sheriff Johnson and the prisoner, accompanied by appellant Reardon, re-appeared at the office of the police magistrate and the recognizance in suit was then executed, Reardon signing as security.

Brush failed to appear as required by the condition of recognizance, and a forfeiture was taken. A *scire facias* was awarded requiring Reardon to appear and show cause, if any he had, why the judgment should not be made absolute. Reardon appeared and interposed a plea attacking the validity of the recognizance on the ground that the police magistrate had no power at that time to take or approve the recognizance. This plea alleges that before the taking and approving of the recognizance the police magistrate had committed the prisoner and issued a *mittimus*, which was then in the hands of the sheriff, requiring him to deliver Brush to the jailer. A replication to this plea formed the issue which was tried before the court without a jury.

The evidence appears to have been directed to the question whether Brush was in fact actually put in jail during the interval he and the sheriff were away from the office before the recognizance was signed. It seems to be assumed by the parties that if Brush was in jail any portion of the time after the order of commitment had been issued, then the recognizance is void, because it would have then required the joint act of two justices of the peace, or a judge, to take and approve it. Section 299, of chapter 38, Hurd's R. S. provides: "When any person shall be committed to jail on a criminal charge, for want of good and sufficient bail (except for treason, murder, or other offenses punishable with death) or for not entering into a recog-

nizance to appear and testify, any judge or any two justices of the peace may take such bail or recognizance in vacation, and may discharge such prisoner from his imprisonment." Construing this section in People v. Cook et al., 68 App. 202, this court held that a recognizance entered into before one justice of the peace where the statute requires two is void and that a judgment thereon cannot be upheld even on the theory that the recognizance would be valid as a common-law obligation. So far as we have been able to find the correctness of the rule laid down in the Cook case has not been questioned. Counsel for appellee suggests that the holding in the Cook case is contrary to the decision of the Supreme Court in Johnston v. The People, 31 Ill. 469. This seems to be a misapprehension of the Johnston case. The syllabus of the case is misleading, in that it contains a proposition which the opinion does not support. The only plea upon which issue was joined in the Johnston case was *non est factum*, which was held not to be a proper plea by the Supreme Court. No plea raising the question of the power of one justice of the peace to approve the bond was filed. No reference was made to the statute requiring two justices of the peace to approve the recognizance. The only statement in the opinion which could possibly apply to this question is that it did not appear from the recognizance that the prisoner had been committed by two justices of the peace. This observation is to be read in the light of section 203, chapter 30, R. S., 1845, which provided in certain cases two justices of the peace should sit together and hear and determine the charge and either commit, admit to bail, or discharge the prisoner. The implication is that if the case was one requiring two justices of the peace to sit at the hearing of the evidence, the two would take the recognizance, or commit to jail, and this would appear in the recognizance.

We do not regard the Cook case as in conflict with the Johnston case, although the syllabus of the latter case would indicate that they are in conflict.

In the case at bar if Brush was in fact committed to jail

before he was brought before the magistrate the second time, then it would be substantially like the Cook case. Upon the question of fact whether Brush was in jail during his absence from the magistrate's office there is some conflict in the evidence, but in the view we take of the case it is wholly immaterial whether Brush was actually within the walls of the jail or not. When the magistrate made the order of commitment, issued his *mittimus* and delivered it to the officer who took charge of the prisoner and left the court room, we are of the opinion the police magistrate then lost jurisdiction to approve the bond as fully and completely as he would had the prisoner been locked within the cells of the jail.

We see no good reason for construing section 299 of the Criminal Code above quoted so as to make it necessary to have two justices of the peace approve the recognizance, in case the prisoner was actually inside the jail, whereas if the sheriff only started to the jail and was intercepted at the door or at any other point short of the interior of the prison, he could return to the committing magistrate and he alone could then approve the bond. Such a construction of the section under consideration does not appear to be required by the language of the statute. Since the justice of the peace must determine his jurisdiction in the first instance, it is apparently more reasonable that it should depend on facts within his personal knowledge, rather than such as come to him through the testimony of others. How can the justice know whether the prisoner has been in jail, or merely out looking for sureties after he has been committed? Certainly he must act on information given him, and if it turns out he is misinformed the recognizance becomes void.

This result is obviated if the jurisdiction ends with the delivery of the *mittimus* to the officer having charge of the prisoner, who is then removed out of the presence of the justice.

It is to be noted that section 299 does not confer the power to approve the recognizance upon the justice who

Reardon v. The People.

commits the prisoner, and one other; any two justices of the peace of the county have the power, and it is not necessary that either of the justices should have any previous connection with the case.

There is nothing in the statute excluding the committing magistrate from participating with other justices of the peace in the approval of the bond, but if he does so it is by virtue of the statute and not because of any previous relations to the case. The words in section 299, "Where any person shall be committed to jail on a criminal charge, for want of good and sufficient bail," would seem to have reference to a person against whom a court of competent jurisdiction has entered a valid order of commitment and issued its mandate to the proper officer having charge of the prisoner, to carry such orders into execution. These words or the same import occur frequently in our statutes. In section 4 of the Habeas Corpus Act it is provided that " Any sheriff or other officer or person having custody of any prisoner committed on any civil or criminal process who shall neglect to give a copy of process * * * shall forfeit * * * not exceeding $500." Under this statute the party is committed yet he is in the custody of the officer. Section 325 of the Criminal Code, referring to witnesses who fail or refuse to recognize when ordered to do so, provides that the court or magistrate shall commit them to jail for such time as they were required to recognize. Under this section it would not be contended that the court or magistrate would do more than make the proper orders for the commitment. Clearly the commitment would be legally complete when the order was made and the prisoner placed in the custody of the officer whose duty it was to obey the order. Section 363 of the Criminal Code provides that the judge or justice of the peace before whom a preliminary examination on a criminal charge is had, shall commit the prisoner to jail in default of bail.

This is the section under which the justice acted in committing Brush. Again, in section 366, witnesses who re-

fuse to recognize shall be committed to jail by the judge or justice of the peace. Section 367 removes all doubt as to what is meant by the requirement in the previous sections that the "judge or justice of the peace shall commit the party to jail." In this section the language is defined and explained as follows: "When an offender * * * is committed for failure to recognizance * * * the judge or justice of the peace shall make out his warrant of commitment directed to the sheriff * * * commanding the officer to commit the prisoner to the county jail."

From the various sections of the statute it is manifest that the word "commitment," commit to jail, is often used in statutes as applying to the order and warrant of commitment. So we conclude that the words in section 299, "where any person shall be committed to jail on a criminal charge for want of good and sufficient bail," necessarily apply not only to a prisoner who is actually within the jail, but also to one who like Brush had been committed by the magistrate and the mandate requiring the officer to perform the physical act of putting the prisoner in jail is duly issued and put in the hands of the officer who has the custody of the prisoner.

It follows from the views herein expressed that the question of fact whether Brush was actually in jail is of no consequence, since upon the uncontroverted facts appellant should have had a finding in his favor.

The judgment is reversed.

*Reversed.*