## The People of the State of Illinois, Appellee, v. Joe Moore et al., Appellants.

RECOGNIZANCE—*when service does not confer jurisdiction to enter judgment upon.* The court is without jurisdiction to enter judgment upon a recognizance where it appears that the return of the sheriff upon a *scire facias* was made on the sixth day before the term at which judgment was rendered; the return should not be before the fifth day.

*Scire facias.* Appeal from the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the August term, 1907. Reversed and remanded. Opinion filed September 12, 1908.

HART & WILLIAMS, for appellants.

WILLIAM P. SEEBER, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

At the May term, 1904, of the Circuit Court of Franklin county, one Joe Moore was indicted for selling intoxicating liquors and the cause was afterwards certified to the County Court of said county, for trial, where bail was fixed at the sum of $100. Afterwards on February 1, 1905, in said County Court, said Moore entered into recognizance in the usual form for said amount with appellants, Charles Little and Charles Cazaleen, as sureties, which was approved by the sheriff of said county. At the February term, 1906, of said court, Moore appeared in court, went to trial and was convicted, but left the court before sentence was pronounced upon him. On March 21, 1906, Moore not having then appeared for sentence, default was entered against him and his sureties upon the bond. Afterwards it appears that Moore was apprehended and sentenced by the court to jail, where he served out his sentence. Subsequently on February 9, 1907, a *scire facias* was issued, directed to said Moore and

his sureties, reciting the previous proceedings in the case and commanding them to appear before said County Court at a term to be begun on the 18th day of February of said year, to show cause why said judgment of forfeiture should not be made absolute and execution issued thereon. On February 12, following, the sheriff returned the *scire facias* with the following indorsement: ''I hereby return the within writ, the within named defendants, Joe Moore, Charles Little and Charles Cazaleen not being found in my county.'' On March 1, 1907, judgment was entered against Moore and his sureties for $100 and costs and execution awarded. On March 14, being one of the days of the same term at which the judgment was rendered, the sureties Little and Cazaleen having ascertained that judgment had been entered against them, filed a motion to set aside the orders of the court made in said cause, to quash the *scire facias* and for leave to plead. The motion was supported by the affidavit of the surety Cazaleen, made on behalf of himself and his co-surety, which stated a portion of the facts above set forth and also alleged that Cazaleen and his co-surety had caused Moore to be arrested and delivered to the sheriff of said county and that he was afterwards sentenced by said court to jail and served out his sentence; that at the time affiant surrendered Moore to the sheriff, he called on the state's attorney and asked him if affiant was released and that the state's attorney told him he was and said there was nothing more for affiant to do and he could go home; that relying on such statement he went to his home in another county and never knew that further steps had been taken against him until March 12, 1907, when he was informed that a *scire facias* had been issued and that the court had made some order thereon. This motion and subsequent motions made by the sureties for a new trial and in arrest of judgment were overruled by the court and the sureties appealed.

If the statements made by appellant Cazaleen in his

affidavit are true he and his co-surety were deceived into believing that no further steps would be taken against them after the return of Moore to the custody of the sheriff and the court below might well have granted their motions for the purpose of investigating that matter. But regardless of the question whether the affidavit states the true facts or not, the judgment in this case should have been set aside for the reason that the court had no jurisdiction of appellants at the time it was entered.

The statute provides that, "when any person who is accused of any criminal offense, shall give bail for his appearance, and such person does not appear in accordance with the terms of the recognizance, the court shall declare such recognizance forfeited, and the clerk of the court shall thereupon issue a *scire facias* against such person and his sureties, returnable on the first day of the next term of the court, to show cause why such judgment should not be rendered against such person and his sureties for the amount of the recognizance, which *scire facias* shall be served by the sheriff of the county where the court is held, upon such person and his sureties, by reading the same to the defendants named in such *scire facias*, at least five days before the first day of the term to which the same is returnable; and in case the person aforesaid cannot be found by the sheriff, he shall make return of that fact to the court. The court shall thereupon enter judgment by default against the defendants for the amount of the recognizance, unless defendants shall appear and defend such cause," etc. Rev. Stat. chap. 38, sec. 17, par. 310 (Hurd 1905).

If appellants could have been found in said county, the sheriff could have served them five days before the first day of the term and such service would have given jurisdiction. He, however, made return six days before the first day of the term, the defendants as shown by his return, not being found in his county. It might well have been that while the defendants

could not have been found in his county from the time
the writ was issued until the 12th day of February,
1907, yet notwithstanding that fact they might have
been in the county on the next day and if so and the
sheriff could have found them on that day, it was his
duty to serve them and such service would have been
in time. If the sheriff could properly make such re-
turn on the 12th day of February, he could just as
readily have made it on the 9th day of February,
when the writ was issued. It was his duty to serve
defendants, if possible, in his county at any time be-
tween the issuance of the writ and the expiration of
the fifth day before the first day of the term, and as
the return does not show that he could not find them
in his county on the fifth day before the first day of
the term, it did not give the court jurisdiction to enter
judgment against them.

The jurisdiction of both the subject-matter and of
the person is essential to the validity and binding force
of a judicial sentence. If either of these judicial facts
is wanting then the sentence or decree of the court
is void. In such a case the whole proceeding is *coram
non judice;* and it may be successfully resisted in that
or any other court in a direct or collateral proceeding.
Campbell v. McCahan, 41 Ill. 45; Gardiner v. Bunn, 132
Ill. 403.

The judgment of the court below will be reversed
and the cause remanded with directions to sustain the
motion of appellants and set aside the judgment ren-
dered against them upon the *scire facias,* for the rea-
son that it is void for want of jurisdiction.

*Reversed and remanded.*