## The People of the State of Illinois for use of DeWitt County, Plaintiff in Error, v. George G. Argo and R. B. Young, Defendants in Error.

1. BAIL, § 75*—*what scire facias on forfeited recognizance must aver.* A *scire facias* issued upon a forfeiture of a recognizance stands as a declaration, and it must set forth by its averments all of the material matters necessary to recover a judgment against the sureties.

2. BAIL, § 75*—*when scire facias issued on forfeited recognizance shows jurisdiction to take recognizance.* A *scire facias* issued for sureties on a forfeited recognizance *held* sufficient on its face to show that the justice of the peace had jurisdiction to take the recognizance, and not demurrable for failure to aver that the recognizance was taken by the justice before the order of commitment was entered.

3. BAIL, § 35*—*when two justices of the peace required to take a recognizance.* After an order of commitment has been made by a justice of the peace the law requires that a recognizance must be taken before two justices of the peace.

Error to the Circuit Court of De Witt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed December 27, 1913.

LOUIS O. WILLIAMS, for plaintiff in error.

GEORGE B. MARVEL, for defendants in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

One Fred Joyce was taken before Lawrence Murphy, a justice of the peace in DeWitt county, on a charge of burglary, and was bound over by the justice of the peace to appear at the next term of the Circuit Court in DeWitt county, convening on the 11th day of November, 1912. He entered into a recognizance in the sum of two hundred dollars for his appearance and defendants in error became his sureties in this recogniz-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ance. Joyce failed to appear in the Circuit Court in accordance with the conditions of his recognizance, a default was entered in the Circuit Court and a judgment rendered against Joyce upon the forfeiture and a scire facias issued out of that court for defendants in error herein as sureties. Defendants were duly served and appeared, filed a demurrer to the scire facias, the demurrer was sustained by the trial court, and the State's Attorney of DeWitt county elected to stand by the scire facias and judgment was rendered against the People in bar of action and for costs. An appeal is prosecuted to this court to reverse the judgment.

The only question presented is whether the court properly sustained the demurrer. Under the practice a scire facias issued upon a forfeiture of a recognizance stands as a declaration, and it must set forth by its averments all of the material matters necessary to recover a judgment against the sureties. If this scire facias is sufficient, then the court erred in sustaining the demurrer; otherwise this judgment is correct. The scire facias alleges the entering into the recognizance by Joyce with the defendants in error as sureties; that the same was taken and approved by the justice of the peace; that the said Lawrence Murphy, before whom the recognizance was entered into, was a duly authorized acting justice of the peace, and that said recognizance was certified to and filed in the office of the circuit clerk in DeWitt county, thereby becoming a matter of record in the Circuit Court; that the principal in the recognizance failed to appear in compliance with its conditions, and that a default was taken and entered in said court upon said recognizance against the said Fred Joyce; that the recognizance was thereupon forfeited, and that a judgment of such forfeiture was entered by the court and a writ of scire facias ordered to issue against the defendants in error; that the default, forfeiture and judgment were all entered at a regular term of court.

The objections urged by the defendants in error

against the sufficiency of this scire facias are that the record does not show that the justice of the peace had authority to take the recognizance, and insist that it was necessary to aver in the scire facias that the recognizance was taken by the justice of the peace before an order of commitment had been entered by the justice of the peace.

If an order of commitment had been made, then the law required that the recognizance must be entered into before two justices of the peace.

If when Joyce appeared before the justice of the peace on the charge of burglary and was bound over he failed to enter into a recognizance before the justice as required, and by reason of such failure an order of commitment was entered by the justice of the peace, then the justice of the peace was not empowered to take the recognizance, and it would then have been necessary that the recognizance be entered into before two justices of the peace, but if no order of commitment had been entered, the recognizance was properly taken by the justice of the peace by whom Joyce was bound over.

The scire facias is sufficient in its averments to show that the justice of the peace had jurisdiction to take the recognizance, and it was taken by him and his acceptance and approval noted upon the recognizance; this was all the certificate that was necessary or required to be made by him, and upon the filing of the recognizance in the office of the circuit clerk it then became a matter of record in the Circuit Court.

This being sufficient on its face, if an order of commitment had been entered by the justice who bound Joyce over and it was necessary that the recognizance be taken by two justices, this would be necessary to be pleaded in this case. The demurrer should have been overruled and defendants should have been required to plead thereto. *McNamara v. People*, 183 Ill. 164; *Reardon v. People*, 103 Ill. App. 81; *Johnston v. People*, 31 Ill. 469.

The trial court erred in sustaining the demurrer to this scire facias, and its judgment is reversed and cause remanded with directions to overrule the demurrer and require defendants to plea.

*Reversed and remanded with directions.*