The People of the State of Illinois, Appellee, v. United States Fidelity & Guaranty Company, Appellant.

## Gen. No. 7,506.

1. JUSTICES OF THE PEACE—*record of complaint.* There was a compliance with Cahill's St. 1923, ch. 38, ¶ 687, p. 1261, where transcript of docket of justice showed that complaint was filed and warrant issued, and complaint, warrant and return were attached thereto together with recognizance.

2. CRIMINAL PROCEDURE—*waiver of preliminary hearing.* The fact that case was set for preliminary hearing before justice on certain date did not prevent accused from waiving such hearing before that date.

3. BAIL—*approval of bond by justices.* Under Cahill's St. 1923, ch. 38, ¶ 638, p. 1255, it was not necessary for two justices to approve a bond before accused was committed to jail to await action of grand jury, such approval only being required after accused is committed to jail.

4. BAIL—*docketing scire facias proceeding as criminal case did not change character.* Mere fact that clerk docketed scire facias proceeding on recognizance as a criminal case did not change character of proceeding.

5. BAIL—*docketing scire facias proceeding under different number.* It was immaterial that clerk docketed scire facias proceeding under a different number than that under which indictment was docketed.

6. BAIL—*materiality of allegation as to date of crime.* In scire facias on a forfeited bail bond given after arrest on a charge of manslaughter, the exact date of the alleged manslaughter was not material as the State's Attorney could prove any date within the period of the statute of limitations.

7. BAIL—*scire facias on default a distinct proceeding from criminal case.* The institution of a suit by scire facias on default of an appearance on a recognizance is for the recovery of a debt, and is a distinct proceeding from the criminal case, and court had jurisdiction at term at which no criminal business could be transacted, under Cahill's St. 1923, ch. 37, ¶ 178, p. 1079.

8. BAIL—*issuance of alias process.* In scire facias on default of appearance on recognizance, if there was service upon defendant but it was not good because made more than five days before first day of term, the court had jurisdiction to continue the case for service and issue *alias* process without the return showing that defendant could not be found.

9. BAIL—*setting aside forfeiture of recognizance discretionary.*
Court is vested with discretion in the matter of setting aside for-
feiture of a recognizance, under Cahill's St. 1923, ch. 38, ¶ 649,
p. 1257.

10. BAIL—*setting aside forfeiture.* Under Cahill's St. 1923, ch.
38, ¶ 649, p. 1257, held that the court did not abuse its discretion
in refusing to set aside forfeiture of a recognizance because the
surety did not have notice of scire facias proceeding, or because
defendant was sick and could not appear, or because surety paid
expenses of securing return of defendant.

11. APPEAL AND ERROR—*exhibits attached to briefs.* Exhibits
attached to brief not introduced in evidence and not made a part
of the record or bill of exceptions cannot be considered, but court
would not be justified in striking entire brief because of their
presence.

Appeal by defendant from the Circuit Court of Will county; the
Hon. FREDERICK A. HILL, Judge, presiding. Heard in this court at
the April term, 1925. Affirmed. Opinion filed July 11, 1925. Re-
hearing denied September 26, 1925. *Certiorari* denied by Supreme
Court (making opinion final).

EUGENE P. KEALY and SINDEN & HASSELL, for appel-
lant.

HJALMAR REHN, State's Attorney and ROBERT W.
MARTIN, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the
court.

Appellant, United States Fidelity & Guaranty Com-
pany, made a motion in the circuit court of Will coun-
ty to set aside a judgment entered by default upon a
bond given by appellant to secure the appearance of
one Walter Kujawa to await the action of the grand
jury.   The motion was denied and this appeal has
been prosecuted.

Complaint in writing, under oath, was filed before
a justice of the peace in Will county charging Walter
Kujawa with manslaughter.   He was arrested on May
28, 1923, taken before the justice, his hearing was set
for June 7, 1923, he failed to give bond, and was com-
mitted to jail.   On June 2, 1923, he waived his pre-

liminary examination, and his bond was fixed at $10,000, to await the action of the grand jury at the September term, 1923. He entered into a recognizance with appellant, United States Fidelity & Guaranty Company, as surety. On June 4, 1923, the recognizance was filed by the justice with the clerk of the circuit court and was docketed as Criminal Case No. 7767. An indictment was returned on September 19, 1923, and was docketed as Criminal Case No. 7772. On September 26, 1923, the defendant failed to appear when his case was called, it was ordered that the bond be forfeited and that a scire facias issue returnable to the first day of the November term, 1923. The scire facias was served on appellant through its agent William H. Clare, but the defendant was not found. The writ and sheriff's return were filed in the clerk's office on November 10, 1923. Section 649, ch. 38, Cahill's St. 1923, p. 1257, requires the sheriff to serve the writ at least five days before the first day of the term. The sheriff made the return ten days before the first day of the term and the trial court held that, under authority of *People v. Moore,* 143 Ill. App. 382, the service was not good. On December 1, 1923, the court ordered an *alias* scire facias to issue returnable on the first day of the January term. The writ was served upon Clare as agent of appellant. The sheriff's return was dated January 7, 1924, and recited that it was served on December 31, 1923, upon the defendant and on December 13, 1923, upon appellant. The writ was returned January 5, 1924. On January 18, 1924, the court allowed the sheriff to change the date of his return from January 7 to January 5, which was without notice to either the defendant or appellant. On January 18, 1924, judgment was entered by default against defendant and appellant for the amount of the bond. Defendant on March 11, 1924, entered a motion to vacate the judgment, which was denied. An appeal was prayed but was never per-

fected. The petition of appellant to vacate the judgment was filed September 22, 1924, and set up the transcript of the proceedings before the justice, and contained various affidavits, one of which was to the effect that the defendant became sick after he gave the bond and went to Colorado for his health and was there at the time the forfeiture was entered; also that at the time the scire facias was served on Clare as agent of appellant that Clare was sick, in an unconscious condition, and died a few days afterwards. It is not stated that appellant did not have notice of the scire facias, or that a copy of it was not in its possession before the default was entered. The motion of appellant to vacate the judgment was denied and this appeal has been prosecuted.

It is first insisted that the transcript of the docket of the justice attached to the motion to vacate does not show that any complaint or affidavit was filed with the justice before the warrant was issued; that the docket of the justice, or his transcript, must show affirmatively that he had jurisdiction; therefore the justice was without jurisdiction, the recognizance taken was void and could not be made the basis of a judgment.

Section 687, ch. 38, Cahill's St. 1923, p. 1261, provides that before a warrant is issued that a complaint in writing shall be sworn to and filed with the justice. Section 161, ch. 79, makes it the duty of the justice to record in a well bound book the names of the parties, the amount and nature of the debt sued for, the date and description of the process issued, the name of the officer to whom such process shall be delivered, and throughout the whole proceeding keep a written memorandum thereof. The transcript of the justice is not abstracted, but the record shows that it contains all of the facts required by section 161 to be recorded. Section 161 does not provide that the complaint shall be noted on the transcript. The tran-

script does show that a complaint was filed and that a warrant was issued. In addition thereto, the complaint, warrant and return thereon were attached to the transcript, together with the recognizance, when the same were filed by the justice in the office of the clerk of the circuit court on June 4. The complaint was in writing, was subscribed and sworn to, contained a concise statement of the offense charged, the name of the person accused, and averred that the complainant had just and reasonable grounds to believe that the assured committed the offense. It was a full compliance with the statute.

It is next contended that on June 2, 1923, the justice could have taken the bond for the appearance of the defendant before him on June 7, but when he issued the *mittimus* on May 28, 1923, and the prisoner was put in jail, in order for a recognizance to be valid it would have to be approved by a judge or two justices, otherwise it would be void and the judgment would fail; that the justice lost jurisdiction after the case was continued and set for a day certain, until that day arrived, and it was the duty of the justice, if the defendant desired to be released on bond on June 2, to take a recognizance for his appearance on June 7; that this recognizance could have been approved by the justice, but that he was without jurisdiction on June 2 to hold the defendant to the grand jury, fix his bond and approve the same.

Section 638, ch. 38, Cahill's St. 1923, p. 1255, provides that when any person shall be committed on a criminal charge that any judge or any two justices may take bail or recognizance in vacation and discharge such prisoner from imprisonment. The defendant was arrested on May 28, 1923, his case was set for June 7, 1923, and he was committed to jail. There can be no question that under section 637, ch. 38, the justice, on May 28, could have approved a bond for the defendant's appearance on June 7, 1923.

After having been committed to jail for want of bond, the defendant, on June 2, waived preliminary hearing, the amount of his bond was fixed, and the bond was given. The mere fact that his case was set for preliminary hearing on June 7 did not prevent him from waiving his preliminary hearing before that date if he saw fit to do so. Under Section 638, it was not necessary for two justices to approve the bond before the defendant was committed to jail to await the action of the grand jury. It was only after he was committed to jail to await the action of the grand jury that the statute required two justices to approve the bond. *People v. Argo,* 185 Ill. App. 11; *Reardon v. People,* 123 Ill. App. 81; *People v. Cook,* 68 Ill. App. 202. The justice had jurisdiction to take the bond and it was in all respects as provided by the statute.

Appellant contends that the record presents a criminal case docketed four months prior to the indictment and prior to the first day of the term at which the recognizance required the defendant to appear; that it is sought to bind appellant by part of a record of things which occurred long prior to a time when there was an opportunity for a breach of the recognizance; that the filing of the scire facias was the beginning of a new suit, was an action for the recovery of a debt, and was distinct from the criminal matter out of which it arose; that there is a fatal variance between the facts and the scire facias as it alleges that the defendant was indicted for a crime committed on September 17, 1923, long after his arrest and the giving of the bond in question.

This contention arises from the fact that on June 4, 1923, when the justice filed the complaint, bond, warrant and transcript in the office of the circuit clerk, that the clerk docketed the case as No. 7767. The indictment was docketed as No. 7772. The defendant was called in open court to appear in case No. 7772, failed to appear, his default was entered,

and a scire facias was ordered to issue. It was not necessary for the clerk of the circuit court to docket the transcript as any particular case on the criminal docket and the mere fact that he did docket it as a criminal case does not change its character. All that was necessary for him to do was to file the transcript of the record and the bond. When the defendant failed to appear after he had been indicted, all that was necessary was that he should be called in open court at the time set for his hearing, and, upon his failure to appear, his bond would be forfeited and a scire facias issue, all of which was done. It is immaterial that the case was docketed under two separate numbers. It all constituted one proceeding and was in all respects as required by the statute. There was no variance in the proof. The mere fact that the indictment alleged that the crime was committed in September, 1923, does not change the fact that the crime was actually committed prior to May 28, 1923. The exact date alleged was not material and the State's Attorney could prove any date within the period of the statute of limitations. The original and *alias* writs of scire facias set up the facts exactly as they appear in the record. They were sufficient basis for the forfeiture of the bond and the entry of a judgment against appellant.

It is also insisted that section 178, ch. 37, Cahill's St. 1923, p. 1079, provides that no criminal business shall be transacted at the November term of the circuit court of Will county; that the scire facias was made returnable to the November term, therefore the court was without jurisdiction to enter any orders therein. The institution of a suit by scire facias on default of appearance on a recognizance is for the recovery of a debt. It is a distinct proceeding from the criminal case out of which it arises and in no sense interferes with the progress or process of the criminal charge. It is a civil proceeding. *People v.*

*Phelps,* 17 Ill. 200; *Peacock v. People,* 83 Ill. 331. For this reason the court had jurisdiction at the November term to order an *alias* writ to issue.

It is the position of appellant that the statute makes no provision for an *alias* scire facias, but provides that if service is not had at least five days before the first day of the term to which it is made returnable, the sheriff shall make a return showing that the defendant cannot be found; that before an *alias* writ can issue, a return of not found shall be made; that the scire facias should be returnable to the first day of court after the entry of the order of forfeiture.

In *People v. Moore,* 143 Ill. App. 382, it was held that if the sheriff returns the writ before the expiration of five days before the first day of the term, the court has no jurisdiction, and any judgment rendered will be void. In the case at bar the original writ was issued, served and returned, but it was returned more than five days before the first day of the term, and for this reason the court held that a new writ should issue. We do not think it was necessary that there should be a return showing that the defendants could not be found before an *alias* writ could issue. If there was service upon the defendants and it appears that the service was not good the court had jurisdiction to continue the case for service and issue *alias* process. It was so held in *Lane v. People,* 76 Ill. 300; *People v. Lewis,* 209 Ill. App. 3.

Section 649, ch. 38, Cahill's St. 1923, p. 1257, provides that after judgment is entered in a case of this kind, upon motion and a proper showing that the accused has been apprehended, or surrendered and tried, or has died or been convicted, or imprisoned in some other State, or by the United States, the court may vacate the judgment entered upon the bond and set aside the forfeiture. It is insisted by appellant that the intention of this section is that when a motion is made together with a proper showing that the ac-

cused comes within any of the provisions of the section that the court must vacate the judgment; that the language excludes the idea of any discretion by the court, and for that reason when the motion was made it was the duty of the court to set aside this forfeiture. It is also claimed that, if the court had discretion, it was abused and for that reason this judgment should be reversed.

The statute specifies the grounds upon which the court may vacate the judgment, but we do not think the proper interpretation of that statute is that the word "may" shall be construed as "must." In *People v. Logan County Board Sup'rs,* 308 Ill. 543, in laying down the rule to be applied to the use of the word "must," it was said: "The rule is that the word 'may' means 'must' or 'shall' only in cases where the public interest and rights are concerned, and when the public or third persons have a claim *de jure* that the power should be exercised." To the same effect are *Fowler v. Pirkins,* 77 Ill. 271; *Chicago, W. & V. Coal Co. v. People,* 114 Ill. App. 75; 36 Cyc. 1160. Under these authorities the court was vested with discretion in the matter of setting aside the forfeiture. It was not the intent of the legislature to require the court to set aside the forfeiture upon a showing of the facts as provided in Section 649.

Nor do we consider the court abused its discretion, or acted arbitrarily, in refusing to open this judgment and set aside the forfeiture. There are two grounds set out in the petition why the judgment should be opened. One is that the agent of appellant upon whom the scire facias was served was sick and he died a day or two after the *alias* writ was served. It is apparent that it is the intent under this contention to claim that appellant did not have notice of this proceeding. We have examined this record carefully upon that point, and we find that it does not show that

appellant did not receive the notice.   We are convinced from the entire record that appellant as early as December 17, 1923, had notice that the original and *alias* writ of scire facias had been issued and served.   Notwithstanding this fact, the appellant took no steps to open the judgment until in September, 1924, which was about eight months after the judgment was rendered.   The court did not abuse its discretion in refusing to open the judgment upon the ground that the appellant did not have notice of the proceeding.

Nor do we think the evidence is sufficient to set aside the judgment on the ground that the court abused its discretion on the ground that the defendant was sick and could not appear.   The affidavit shows that shortly after the bond was given the defendant went to Colorado for his health.   It fails to disclose the character or seriousness of the illness.   For all that appears it might have been a minor ailment.   Nowhere does he claim he could not have appeared in court. He does not give the name of any physician who attended him, or of any person who advised him to make the trip, nor any reason for thinking the case would not be disposed of for some months.   He left no forwarding address, nor did he make any inquiry to ascertain whether or not he had been indicted, or when his case would be called for trial.   He says that he did not endeavor to evade trial, but nevertheless he disappeared without reasonable excuse, or any proper showing of any necessity for his going.   If a defendant can put himself out of the jurisdiction of the court and remain concealed for a period of three months until after the term of court has adjourned, during which he might have been tried, there would be no necessity for his asking for a continuance.   He could simply disappear and then set up an unreasonable sickness as an excuse for not appearing.   He could forfeit his bond and then have it set aside.

There is no showing that justifies the absence of the defendant from the jurisdiction of the court.

It is next contended that the judgment should be set aside for the reason that the appellant paid the expenses of securing the return of the defendant; that the defendant was returned to Will county and was in the county jail from December until the date of his trial; that he was in jail on the date the judgment was entered, and for this reason the forfeiture should be set aside and the judgment vacated. What we have already said applies to this contention. There is no reasonable excuse presented for the failure of defendant to answer under this bond. The bond was given to secure the appearance of the defendant on the first day of the September term, 1923, and continuously during that term of court. The conditions were not complied with. All requirements of the law with reference to the forfeiture of bonds have been complied with, and we see no reason why the judgment should not be affirmed.

A motion has been made to strike the brief of appellee from the files, and this motion has been taken with the case. The main ground for this motion is that three photographic copies of letters are attached to the brief of appellee. The first one is addressed to the State's Attorney of Will county, dated at Chicago, December 17, 1923, is signed by the superintendent of the claim department of appellant, acknowledges the receipt from Clare of the *alias* writ of scire facias, and promises to pay the judgment as soon as rendered. The second is to the State's Attorney dated January 24, 1924, signed by the same person, shows knowledge that judgment had been entered, asks that execution be not issued and that the judgment will be paid. The third is unsigned, is dated September 17, 1924, and states that defendant made a motion to open the judgment which was overruled and asks if the judgment is to be satisfied. The

ground for striking the brief is that these three photographic copies were not introduced in evidence and are not a part of the record or bill of exceptions. We think this contention is true and that the three exhibits, not being a part of the record, should not have been attached to the brief of appellee and should have no bearing in the determination of the issues under consideration. If the motion had been to strike these three exhibits from the brief we would have sustained the motion, but as the motion is to strike the entire brief we do not feel justified in sustaining it, and it will be denied.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*