THE PEOPLE, Plaintiff in Error, *v.* WILLIAM PHELPS, Defendant in Error.

ERROR TO FULTON.

A suit by scire facias on a forfeited recognizance in a criminal case is for the recovery of a debt of record, and is a distinct proceeding from the criminal matter out of which it arises.

If bail, by means of a capias on the indictment found, can produce the principal, so as to procure their own discharge from scire facias, by a surrender of the principal, the costs under the capias are not properly chargeable as costs under the proceeding by scire facias.

THE defendant in error entered into a recognizance with one Bennet for the appearance of the latter to answer to a criminal charge. The recognizance was forfeited, and a scire facias issued against Bennet. Before judgment was entered on the sci. fa., Phelps procured a capias to be issued, upon which Bennet was arrested and brought into court, whereupon Phelps asks to be discharged, to which the State's attorney objected, unless Phelps should first pay the costs made upon the capias, issued at his instance. The Circuit Court, WALKER, Judge, presiding, ordered his discharge, to which the State's attorney excepted, and brings the case here.

W. C. GOUDY, District Attorney, for The People.

W. KELLOGG, for Defendant in Error.

SCATES, C. J. The institution of a suit by *scire facias* on default of appearance on a recognizance in criminal cases, is for the recovery of a debt of record; and it is a distinct proceeding from the criminal proceeding out of which it arises, and in no sense interferes with the process or progress of the criminal charge. It becomes a civil proceeding: indeed I believe at the common law, it was not in the same court, but by estreatment of the recognizance into the king's exchequer, the scire facias issued from that court, for the purpose of awarding execution for the debt due the king, as in other cases, for the collection of his revenue.

When a defendant escapes from custody, or makes default on recognizance, the people are entitled to a *capias* against him, as a matter of course; and it issues in the criminal and not the civil case. The intermeddling of a surety of defendant in a recognizance, by himself or his attorney, without the advice or direction of the State's attorney, either in asking for the *capias* or in procuring its service, will not charge them with liability for the costs taxable for the process or service of it, as principal or surety for costs, as for services rendered to them in the case. Although such surety may be quickened to diligence and activity in procuring defendant's arrest, by the desire to procure his custody, with a view to his surrender in discharge of his own liability, it cannot be allowed to change his relation to the prosecution from that of a citizen of the community into that of party or surety for costs.

Bail have the right to procure a certified copy of the recognizance, and power under it to arrest their principal and surrender him to the sheriff, in discharge of the recognizance, upon payment of cost, at any time before award of execution on *scire*

*facias*, (Rev. Stat. 187, Sec. 196): and we apprehend no reasonable objection can be urged against their using the same diligence and activity in accomplishing the same end by a *capias* on the indictment; but not in the sense of surrendering to or allowing bail to take the control of the prosecution or the process.

Under these views of the rights and liabilities of bail, we are all clearly of opinion that the item of forty dollars cost of executing the *capias* issued on the indictment, belongs to the costs taxable in that case, and is improperly put into the bill of cost taxable in the *scire facias*. The defendant having paid all costs properly taxable against him, up to the surrender of his principal, is entitled to be discharged of his liability on the recognizance and scire facias.

Order of discharge is affirmed.

*Judgment affirmed.*