MAHLON SHADLEY *et al.*, Plaintiffs in Error, *v.* THE PEOPLE, Defendant in Error.

### ERROR TO CLARK.

A *scire facias*, upon recognizance, should show, by proper recitals, that the recognizance had legally become matter of record.

THE *scire facias*, issued herein, simply recites the order of the Circuit Court, stating that Shadley did not answer, ordering that his recognizance before the justice be declared forfeited, and that a scire facias issue, and then calls upon the defendants named to answer. The defendants were served, but made default, and judgment went against them for the amount of the recognizance. Judgment rendered at October term, 1854, of the Clark Circuit Court.

STUART and EDWARDS, for Plaintiffs in Error.

J. McWILLIAMS, District Attorney, for The People.

SCATES, C. J. The *scire facias* serves the double office of process and declaration, in cases like this, and should be good and sufficient for each purpose. This is not sufficient for either, on default.

The constitution requires all process to run in the name of the people of the State; and this is not issued by such authority.

In its office as a pleading, the scire facias should show, by a

proper recital of the recognizance, when it so appears upon its face, or by proper averments, that the recognizance was matter of record, and had legally become so; for *scire facias* only lies upon matter of record. This recognizance recited was entered into before a justice of the peace, but has never been returned, filed and made a matter of record. It is not to be implied from the order of forfeiture and award of the *scire facias;* it must be shown or averred in it. Both are substantive defects.

*Judgment reversed.*