WILLIAM CHUMASERO, Appellant, v. THE PEOPLE, Appellees.

APPEAL FROM LA SALLE.

A recognizance is not vitiated because it is taken for a less sum than is indorsed on the writ,

A recognizance is, of itself, evidence that it was taken under the direction of the court.

An indictment need not be set out in a *scire facias* upon recognizance forfeited.

A *scire facias* sued out against principal and surety is several in its effects upon each, as is also the judgment and execution upon it.

A *scire facias* is not joint because it includes several parties, who have entered into the same recognizance. It is sufficient if the recognizance is followed. The judgment will only be awarded according to the force and effect of the recognizance.

THIS was a proceeding in La Salle Circuit Court against appellant, by *scire facias* on recognizance. The record shows:

An indictment against William Trabling and Henry Gerhart, for larceny; indorsement on the back of the indictment, and order to hold bail in the sum of $800 each; recognizance of Henry Gerhart, as principal, and Conrad Sapp, as security, in the sum of $300 each, for the appearance of Henry Gerhart before the Circuit Court of La Salle county, at the (then) next term thereof, to answer the indictment; appearance and plea of not guilty by Gerhart; trial of defendant; disagreement and discharge of jury; recognizance of Gerhart, as principal, and William Chumasero, as security, in the sum of $300 each, for appearance of defendant, Gerhart, on the first day of the then next term of said court; *nolle prosequi* entered as to Trabling; defendant, Gerhart, called and defaulted; appellant called and made default, and recognizance forfeited, and judgment rendered against appellant for the sum of $300, being the amount specified in recognizance; return of officer of service of *scire facias* on appellant; order for execution against appellant.

Bill of exceptions, showing that motion was made to set aside order for execution, because said *scire facias purports* to set out an indictment, alleged to have been found against said Gerhart and Trabling for larceny, without setting out any indictment in said *scire facias*, and because said *scire facias* was, in other respects, informal, uncertain and insufficient; which motion was overruled by the court, and to which decision said appellant then and there excepted.

The assignment of errors is as follows:

The court erred in overruling the motion to set aside the order for execution against appellant.

The court erred in making said order, for the reason that the order to hold to bail was in the sum of $800, when the

recognizance was taken for a less sum, without any order having been made reducing the amount.

The court erred in making said order, for the reason that the *scire facias* does not set out the indictment, and was void.

The recognizance entered into by appellant and Gerhart was not in pursuance of any order of the court, and, therefore, void; and hence all proceedings founded thereon are void.

That the recognizance was a several recognizance of said appellant and Gerhart respectively, and that *scire facias* was against them jointly.

CHUMASERO and ELDREDGE, for Appellant.

W. BUSHNELL, States' Attorney for Appellees.

SCATES, C. J. On default, the party must assign such ground of error as would be good on general demurrer. No such error is assigned.

The first is a general assignment of error; the second, in taking recognizance for less than sum indorsed on writ, would not prejudice plaintiff, and he could not complain. *Bailey's admr.* v. *Campbell*, 1 Scam. R. 47; *Harrison* v. *Clark et al.*, 1 ibid. 131; *Thorn* v. *Watson*, 5 Gil. R. 26. If for a greater amount, it would be void. *Waugh* v. *The People*, 17 Ill. R. 561. But this has no application to a recognizance taken in open court. It needs no formal order to sustain it. It is evidence of itself that the court directed the recognizance to be taken for the amount mentioned in it.

The indictment need not be set out in the *scire facias*. It is sufficient if the offense is recited or referred to in it. Nor need there be any order of court requiring or directing the party to enter into recognizance. The recognizance is evidence that the party was required to enter into it, and did so. *Shattuck et al.* v. *The People*, 4 Scam. R. 477.

The fifth and last assignment of error questions the sufficiency of the *scire facias*, because, it is alleged, that it is joint against plaintiff and his principal, Gerhart, and upon a several recognizance. The recognizance is several. The *scire facias*, though sued out against both principal and surety, which is proper, is several in its effect upon each, and the judgment, or award of execution, is also several against plaintiff. There is not, and cannot be, therefore, any prejudice to plaintiff. Even where recognizance is *joint* and several, execution may be severally awarded, though *scire facias* is both joint and several. *Passfield* v. *The People*, 3 Gilm. R. 406. It does not follow that the *scire facias* is joint

simply because two are included in, and ordered to be summoned to show cause. The object is to have execution *according* to the *form, force and effect* of the *recognizance*. *Sans* v. *The People*, 3 Gilm. R. 327.

It is sufficient that the *scire facias* pursue the recognizance, whether joint and several, or joint or several, and judgment or execution be awarded only according to its form, force and effect. But where the parties, principal and surety, have both entered into the same recognizance, though severally, each may be included in, and served with one *scire facias*, to show cause against the award of execution against him for the several indebtedness. And this would not make it a joint *scire facias* any more than such a recognizance becomes joint by each entering into the same severally for himself. So I must understand the authority of *Hildreth* v. *The State*, 5 Blackf. R. 80; *Thompson* v. *The State*, 4 ibid. 188; *Lockwood et al.* v. *The State*, 7 ibid. 417.

We do not regard the *scire facias* here as a joint one, but several in all its recitals, and several in its requirements.

*Judgment affirmed.*