THE STATE *v.* ROBB, Executor of COLLINS and Another.

Section 211, 2 R. S. 1852, p. 75, which limits an action for a forfeiture or penalty given by statute, to two years, relates to forfeitures and penalties created *alone* by statute, and inflicted for derelictions of duty by clerks, sheriffs, supervisors, &c.

The court declares the forfeiture of a recognizance, but the action by the State is not grounded on the forfeiture so declared, but upon the recognizance, as an ordinary bond with a condition, and such a suit is not within specification 1 of § 211, *supra.*

APPEAL from the *Morgan* Common Pleas.

DAVISON, J.—The State sued *Anderson Collins*, and *John Robb*, executor of the estate of *Hiram Collins*, deceased, upon a recognizance in this form:

" We, *Anderson Collins* and *Hiram Collins* severally acknowledge ourselves bound to the State of *Indiana*, in the sum of $500 each, if the said *Anderson Collins* shall not appear on the first day of the next term of the *Morgan* Circuit Court to answer a charge of perjury, and abide the judgment of the Court, &c.

Witness our hands and seals this 8th day of *January*, 1853."

" ANDERSON COLLINS. { SEAL. }"

"HIRAM COLLINS.    { SEAL. }"

The complaint alleges, that at the *November* term, 1853, of said Court, *Anderson Collins* was duly called, but came not, and *Hiram Collins* was also called and required to bring into Court the body of *Anderson Collins*, and came not, &c., but therein made default; and thereupon the said Court declared the recognizance absolutely forfeited, &c. It is averred that, afterward, *Hiram Collins* departed this life, and that the defendant, *John Robb*, is the duly appointed and qualified executor of his estate, &c.

*Robb* answered by two paragraphs. 1. By a general denial. 2. That the forfeiture did not accrue, or take place, within two years before the commencement of this action. The State demurred to this second defense; but the demurrer

was overruled, and exception taken. The issues were submitted to the Court, who found for the defendant. New trial refused, and judgment.

The only question to settle, relates to the action of the Court upon the demurrer to the second defense. In support of the defense, the appellee relies upon 2 R. S. 1852, § 211, p. 75; which section provides, *inter alia*, that "actions for a *forfeiture* or *penalty given by statute*, shall be commenced within two years after the cause of action has accrued, and not afterward." This, it seems to us, is not applicable to the case before us. The terms "forfeiture or penalty," as used in this section, evidently relate to forfeitures or penalties created alone by statute, and inflicted for derelictions of duty by clerks, sheriffs, supervisors, &c. The Court, it is true, in cases like this, declares the forfeiture of the recognizance; but the action is not grounded on the forfeiture so declared. Such action is based upon the recognizance, as an ordinary bond with a condition; and in case the condition is broken, it must be enforced like any other bond, by civil suit. *Ib.* § 48, p. 366. We are of opinion that the present suit, when it was instituted, was not barred by the statutory enactment to which we have referred; and the result is, the demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*H. C. Newcomb* and *John Tarkington*, for the State.

*W. R. Harrison*, for the appellee.