## The Jeffersonville Railroad Company *v.* Gabbert.

Railroads.—Special Charter.—The *Jeffersonville* railroad company was incorporated by a special charter, *January* 20th, 1846. By the 33d section of the act the legislature reserved the right to alter the charter.

*Held,* that, under the power reserved, the legislature might properly apply the general law regulating the liability of railroad companies for stock killed to this company.

Statute of Limitations.—The recovery, without proof of negligence, allowed by statute for injuries done to animals by railroads, where the roads are not fenced, is not a 'penalty given by statute,' within the meaning of the first subdivision of section 211 of the code. The action is for an injury done to property, and the limitation of the action is regulated by the third clause of section 210.

APPEAL from the *Bartholomew* Common Pleas.

Elliott, J.—*Gabbert* sued the railroad company to recover the value of stock killed by the locomotive and train of the latter, the road not being securely fenced as required by the statute.

The complaint contains four paragraphs. The railroad company answered: 1st. By a general denial. 2d. In separate paragraphs to the first and second paragraphs of the complaint, that the cause of action therein alleged did not accrue within two years next before the commencement of the suit. The court sustained a demurrer to these paragraphs of the answer; and this ruling of the court raises the only question presented in the case for our consideration.

The appellant insists that the statute making railroad companies liable for stock killed by their trains on the line of their respective roads, without regard to the question of carelessness or negligence, and especially when applied to a railroad constructed as this one was, under a special charter, granted before the passage of the act in question, operates as a penalty, and therefore is governed by the first subdivision of section 211 of the code, prescribing the time within which certain actions must be commenced. That subdivision provides that, "for injuries to person or character, and

The Jeffersonville Railroad Company *v.* Gabbert.

for a forfeiture or penalty given by statute," the action must be commenced "within two years."

It would certainly be competent for the legislature to provide in the charter, or in a general law, under which such a company is organized, as a condition upon which the corporate privileges are accepted, that the road should be fenced, or otherwise the company would be liable for animals killed thereon, without regard to the question of negligence.

This company can claim no special exemption by reason of its organization under a special charter, not containing such a provision.   It was incorporated by a special act, approved *January* 20th, 1846, (Local laws of 1846, p. 153,) under the name of the " *Ohio and Indianapolis Railroad Company.*" The name was subsequently changed to its present one.   By the 33d section of the act incorporating the company, the legislature reserved the right to alter the charter, and to repeal the same when violated.   The act of 1862, to provide compensation to the owners of animals killed or injured by the cars, &c., applies in terms to all the railroads in the State. It properly applies to this company under the reservation in its charter.   It has been repeatedly held by this court that the act in question, while it gives compensation to the owner of animals killed where the road is not securely fenced, is in the nature of, and is designed as, a police regulation for the protection of the public.   Railroads have become the great traveling thoroughfares of the country, and when uninclosed animals stray upon them, and thereby greatly increase the risk and danger to the lives of those traveling in the trains run upon such roads at a rapid rate of speed. The law does not, in terms, require that such roads shall be securely fenced, and impose a penalty for non-compliance, but by making the company responsible for all animals killed or injured by trains on the road, without regard to the question of negligence, unless the road is securely fenced, it seeks to make it the interest of the company to fence by imposing on it an increased liability in case it fails to do so.   This is not strictly a penalty, though to a certain

extent it operates in the nature of one. It is not a forfeiture or penalty given by statute, within the meaning of the first subdivision of section 211 of the code. That provision of the statute has reference to such statutory provisions as enjoin the performance of specific acts or duties, and affix a penalty for the non-performance or neglect thereof. In *The State* v. *Robb*, 16 Ind. 413, which was an action on a forfeited recognizance, it is said: "The terms 'forfeiture or penalty,' as used in this section, evidently relate to forfeitures or penalties created alone by statute, and inflicted for derelictions of duty by clerks, sheriffs, supervisors," &c. It is very clear to our minds that it has no relation to such a suit as this, which is for an injury to property and comes within the third specification of section 210 of the code, and is not barred by the statute of limitations until the expiration of six years after the cause of action accrued. There was no error in sustaining the demurrer to the 2d and 3d paragraphs of the answer.

The judgment is affirmed, with costs.

*Stansifer* and *Winter*, for appellant.

*F. T. Hord*, for appellee.