## JORDAN BANTA *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. JUDGMENT OF FORFEITURE *on recognizance—what sufficient.* Upon the principal in a recognizance failing to appear according to the exigencies of the bond, a default was taken and a forfeiture declared, as follows: " It is therefore considered by the court, that the recognizance of the said defendant be, and is hereby declared to be forfeited, and that the default of said defendant, and of his securities, be entered of record, and that *scire facias* issue herein against the said principal and his securities," designating them by their individual names, returnable, etc.: *Held,* this was a sufficient judgment of forfeiture against the sureties, as well as against the principal.

2. SCIRE FACIAS *on recognizance—against whom it should issue.* A *scire facias,* issued on a judgment of forfeiture of a recognizance against the

sureties alone, is insufficient.    It should issue against the principal as well as against the sureties.

3.  RECOGNIZANCE—*construction thereof—as to its amount.*  Where the principal in a recognizance, and two others, as his sureties, acknowledged themselves to owe the people "the said principal the sum of two thousand dollars, and the said sureties each the sum of two thousand dollars, respectively," it was *held*, this in effect was but a joint and several obligation to pay the sum of two thousand dollars, and not an obligation to pay each the sum of two thousand dollars, thus requiring the payment of six thousand dollars to satisfy the recognizance.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a *scire facias* on a recognizance, entered into by Jonathan Way, with Jordan Banta and Tillman Lane as sureties, for his appearance at the November term, 1868, of the DeWitt circuit court, to answer a charge of manslaughter. The principal having failed to appear, according to the exigency of the bond, the recognizance was declared forfeited, and a *scire facias* issued against the sureties, but not against the principal, upon which judgment by default was entered; and to reverse this judgment, the record is brought to this court.

Mr. E. H. PALMER, for the plaintiffs in error.

Mr. JONATHAN H. ROWELL, State's Attorney, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Way was taken before a circuit judge on a writ of *habeas corpus*, who required him to enter into a recognizance, with security in the sum of two thousand dollars, to answer a charge of manslaughter at the next term of the circuit court.   He, with Jordan Banta and Tillman Lane, executed a recognizance before two justices of the peace of DeWitt county, by which they acknowledge themselves to owe the people, "the said Jonathan Way, the sum of two thousand dollars, and the said Jordan Banta and Tillman Lane each the sum of

two thousand dollars, respectively." The principal having failed to appear, according to the exigencies of the bond, at the next term of the court, a default was taken and a forfeiture declared, as follows:

" It is therefore considered by the court, that the recognizance of the said defendant be, and is hereby declared to be forfeited, and that the default of said defendant and of his securities be entered of record, and that *scire facias* issue herein against the said Jonathan Way and Jordan Banta and Tillman Lane, returnable to the next term of this court, requiring the said defendant and his security then and there to appear and show cause why the people should not have judgment and execution upon their said recognizance, according to the form, force and effect thereof."

It is insisted that this is but a forfeiture of the recognizance of Way, and not of his sureties. While the order is not formal, it does attempt to declare a forfeiture as to principal and sureties. It declares the recognizance of defendant forfeit and the default of his securities, and orders a *scire facias* against all of them by name. They were all called and failed to appear. The case of *Kennedy* v. *The People*, 15 Ill. 418, and *Thomas* v. *The People*, 13 Ill. 696, are referred to as holding that there must be a judgment of forfeiture against the principal and sureties, to support a *scire facias*. This is undoubtedly true, but when tested by this rule, it is seen that all the parties were called and defaulted, and the recognizance of defendant forfeited. In the cases referred to, there was simply a default entered against the principal, without declaring a forfeiture. But in this case a formal forfeiture of the recognizance of the defendant was declared.

Whose recognizance was this? Not that of the securities; they had given no recognizance, but had simply become securities on Way's recognizance, for his appearance. A recognizance is defined to be an obligation of record, entered into before a court or officer duly authorized for the purpose, with a condition to do some act required by law, which is therein

specified.   Bouvier's Dict.   The securities agreed to do no act, nor did they enter into any recognizance, but Way did; it was his recognizance, and it was declared forfeited.   This, then, was in compliance with the requirements of the law.

But the writ which issued upon this judgment was not sufficient.   It was only against the sureties, and not against Way, the principal.   This is contrary to the rule laid down in the case of *Alley* v. *The People*, 1 Gilm. 109.   It was there held, that the *scire facias* must be against the principal and sureties, and not against the sureties alone.   That case is in point, and is conclusive of this case.

It is urged that the recognizance in this case was too large; that the order of the judge only required Way to enter into a recognizance in the sum of two thousand dollars, while the recognizance taken amounted to six thousand.   The recognizance is several, and each recognizor acknowledges himself to owe the State two thousand dollars, the required bail.   This was no more in effect than had the recognizance been joint in form, as under the law, each party would have been severally liable for the whole sum; but in such a case, the payment of the sum named would have satisfied the recognizance.   The same would be true in this case; in effect it was for but two thousand dollars.

In the case of *Chumasero* v. *The People*, 18 Ill. 405, it was held that a *scire facias* against principal and surety is several in its effect upon each, and the same is the effect of the judgment and execution upon it.   Where the recognizance is joint and several, execution may be severally awarded, although the *scire facias* is both joint and several.   Ibid.   The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*