## TILMAN LANE *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE—*no order necessary for issuing scire facias.* No order of court is necessary for the issuing of an *alias scire facias* upon a forfeited recognizance. It is made the duty of the clerk to issue a *scire facias* upon the order of the court declaring a forfeiture.

2. PRACTICE—*time for objecting to evidence for variance.* An objection to evidence, on the ground of variance, should be made when the same is offered. If this is not done, the question can not be raised in this court.

3. LIMITATION—*after reversal.* Under the statute prohibiting any further action in a cause after reversal in this court, unless the transcript of the final order is filed in the court below in two years from the time of making such order, the limitation will not begin to run until after final judgment is rendered in the Supreme Court. It will not commence from the adjournment of the term at which the cause is submitted.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. E. H. PALMER, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This case was before us at the January term, 1870, 53 Ill. 434, and the *scire facias* was then held insufficient, because it was against the sureties and not against Way, the principal cognizor, as a party. It comes here again, and it is objected that the *scire facias* upon which this judgment was rendered is insufficient. It is first urged, that it was issued without an order of court. The judgment of forfeiture directs that a *scire facias* shall issue, returnable to the next term of the court. Such a writ was issued and a trial was had, judgment recovered, which, as we have seen, was reversed, and the cause was remanded. Here was an order for a *scire facias*,

which was ample authority to the clerk to issue this writ. Why obtain such an order at each term, if, from any cause, an alias writ becomes necessary ? Counsel have suggested no reason, nor can we perceive any, for such practice.

The act of 1869, by section 9, provides, that on the failure of the accused to appear at the time and place required by his recognizance, the court shall declare a forfeiture ; and "the clerk of the court shall thereupon issue a *scire facias* against such person, and his or her securities, returnable on the first day of the next term of the court, to show cause why judgment should not be rendered against such person and his or her securities for the amount of the recognizance." From this provision it will be seen, that the court need not order a *scire facias*, but the statute imposes the duty on the clerk when the court declares the forfeiture. Nor does it matter that this forfeiture was declared before the adoption of this act, inasmuch as the statute was intended to regulate the practice and apply to all cases in which writs were to be issued after its adoption. But if it were not so, we have been referred to no authority which holds such an order was necessary at the common law.

It is insisted that there is a variance between the averment in the writ and the record when it was produced. The writ avers the indictment was found on the 6th of November, when the record shows it was on the tenth of that month. On turning to the transcript, we find the writ recites that the grand jury came into open court on the former date, and presented the indictment in the case, and it is averred that it was filed on that day, and the indictment was read in evidence. A complete answer to this is, that this objection was not made when the indictment was offered in evidence. The defendants should have objected, because of the variance. They can not raise the question for the first time in this court, as has been frequently held by this court.

The third point urged, that the court erred in refusing to quash the writ because of the want of an order for it to issue,

has already been considered. But, as a further ground for quashing the writ, it was urged that more than two years had expired after the reversal of the former judgment before suing out the present writ. We are referred to the 84th section of the act entitled "Courts of Record," Laws 1871–2, p. 351, in support of the proposition. It is this: "If neither party shall file such transcript within two years from the time of making of the final order of the Supreme Court reversing any judgment or proceeding, the cause shall be considered as abandoned, and no further action shall be had thereon." The transcript here referred to, is a copy of the order remanding a cause made by the Supreme Court.

After an examination of the transcript in this case, we are unable to find when the final order reversing the former judgment in this case, and ordering the cause to be remanded, was made. It is true, there may be evidence that that case was tried at the January term, 1870, and it is averred in one of the pleas that the term adjourned on the 4th day of February, 1870, and the writ in this case issued on the 6th of February, 1872, two days after the two years had expired, according to the averment of the plea. By the statute of 1851, Pub. Laws, p. 153, sec. 1, full power is conferred on the judges of the Supreme Court to make orders and render judgments in vacation, in cases which have been submitted for decision. Now, there is nothing to show that this case was not submitted at that term for decision, the judgment rendered and entered up in vacation weeks or months after the adjournment of the term. The motion was properly disallowed, as it did not appear when the judgment was rendered. The plea, for the same reason, was vicious, and the demurrer was properly sustained to it.

It is urged that the jury found against the weight of evidence on the question of the death of Way. There was a large number of witnesses examined, to prove that issue. The evidence as to the identity of the person who committed suicide in Ohio, with Way, is by no means so clear and satisfactory as to

be free from serious doubt. But it was a question for the determination of the jury. They saw and heard the witnesses testify, and they have found the issue for the people; and we are unable to say that the finding is so clearly against the weight of the evidence as to require a reversal. It is only in cases where it appears to us that the finding is manifestly against the evidence that we interfere.

Failing to perceive any error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*