The People of the State of Illinois, Defendant in
Error, v. James Thomas and Joseph E. Snowden.
Joseph E. Snowden, Plaintiff in Error.

Gen No. 21,285.   (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1915. Affirmed. Opinion filed March 28, 1916.
Rehearing granted and opinion filed April 28, 1916.

## Statement of the Case.

Action by the People of the State of Illinois against
James Thomas and Joseph E. Snowden, defendants,
on a recognizance taken in open court in the sum of
$1,000 which was forfeited by the nonappearance of
the principal, James Thomas. From a judgment on
such recognizance in favor of the People, defendant
Joseph E. Snowden brings error.

Joseph E. Snowden became surety on a recognizance
taken in open court in the sum of $1,000 which was for-
feited because of the nonappearance of the principal,
James Thomas, in the Cook county Criminal Court.
Thereafter, on February 8, 1913, judgment was entered
in favor of the People against Thomas and Snowden in
the sum of $1,000 and costs. To reverse the judgment,
Snowden on February 27, 1915, sued out writ of error
and moved that same be made a *supersedeas,* filing
with the motion certain written suggestions, which mo-
tion was on May 1, 1915, allowed by the Appellate
Court.

It appeared from the original transcript of the rec-
ord that Thomas was indicted by the grand jury of
Cook county for larceny; that Thomas, with Snowden
as surety, entered into said recognizance; that Thomas
did not appear and the recognizance was declared for-
feited and a writ of scire facias ordered to be issued
for them to show cause why the forfeiture should not

be made absolute, and that on February 8, 1913, the Criminal Court entered an order reciting that "the writ of scire facias issued herein has been duly returned by the Sheriff of Cook county," etc., and declaring that said forfeiture be made absolute and entered said judgment. Nowhere in the original transcript of the record was there contained any writ of scire facias.

GEORGE W. BLACKWELL, for plaintiff in error; GEORGE H. SUGRUE, of counsel.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

BAIL, § 91*—*when trial court has no jurisdiction to enter final judgment on recognizance.* The trial court has no jurisdiction to enter final judgment on a recognizance which was forfeited by the nonappearance of the principal, where the writ of scire facias is not served upon the surety until the first day of the term at which it is returnable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.