## The People of the State of Illinois, Appellee, v. Fay Lewis and Sam Nick. Fay Lewis, Appellant.

### Gen. No. 6,484.

1. Bail, § 72*—*what is nature of writ of scire facias.* A *scire facias* writ in a proceeding on a recognizance is not a declaration, although considered in practice as, or as in lieu of a declaration.

2. Bail, § 91*—*when defendant not entitled to judgment as in case of nonsuit.* Section 32 of the Practice Act (J. & A. ¶ 8569), providing that if a declaration and copy of writing or account sued on shall not be filed ten days before the second term of the court a defendant is entitled to judgment as in case of nonsuit, has no application to a *scire facias*, in a proceeding on a recognizance.

3. Bail, § 98*—*when surety cannot question ruling denying leave to file copy of writ of scire facias.* Where a writ of *scire facias* in a proceeding on a recognizance was lost, and, on motion of the State at whose instance it was issued, resisted by the defendant, the court refused leave to file a substantial copy of the writ and the return thereon, *held* that the defendant surety could not question on appeal the ruling of the court.

4. Bail, § 80*—*when alias writ of scire facias may issue.* An *alias* writ of *scire facias* may issue when necessary, in a proceeding on a recognizance given in criminal proceedings.

Appeal from the Circuit Court of Winnebago county; the Hon. James S. Baume, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

Fisher & North, for appellant Fay Lewis.

William Johnson, for appellee.

Mr. Presiding Justice Carnes delivered the opinion of the court.

Fay Lewis, appellant, entered into a recognizance in the sum of $1,000 as surety for one Sam Nick, who had been held by a police magistrate to appear to the October term, 1915, of the Circuit Court of Winnebago county, to await the action of the grand jury on a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

charge of burglary and larceny. At said October term the grand jury returned an indictment against Sam Nick, and he failing to appear the recognizance was declared forfeited and a *scire facias* ordered returnable to the January term, 1916, of said court. The writ issued and was served on the appellant by reading and by copy, and the sheriff's return indorsed thereon showing such service, and that said Nick was not found. At said January term, March 28, 1916, appellant appeared and moved for a continuance of the cause to the April term, 1916, which was allowed, and the cause continued. At said April term, May 1, 1916, it was discovered that the writ had been lost by a deputy in the sheriff's office and could not be found and had never been in the circuit clerk's office after it was first issued. The State's Attorney set up the foregoing facts in a verified petition reciting the substance of said lost *scire facias* and the return thereon, and asking for an order permitting a substantial copy of the *scire facias* and the return to be filed and entered of record as of the date of the return day of said *scire facias*. Appellant resisted the motion. The court found that the original writ of *scire facias* had been lost, but denied the motion for leave to file a substantial copy; whereupon the people asked for an order for an *alias* writ of *scire facias*, which was granted, and the clerk of the court directed to issue the same returnable to the October term, 1916, of said court. The *alias* writ accordingly issued and was duly served on appellant Fay Lewis, and as to said Nick, not found. At the October term appellant filed a general demurrer to the *alias* writ, which was overruled. He then moved to quash, which motion was denied, and he took leave to plead by the first day of the January term, 1917. He then appeared and filed two pleas, in the first, setting up the issue, service and loss of the first writ, and averring that neither the original nor any copy thereof was filed in the Circuit Court "at any

time prior to ten days before the second term of said court after the term of said court to which said writ of *scire facias* was returnable." In the second plea he averred that the writ was not issued returnable on the first day of the next term of the court after the term at which the judgment of forfeiture was declared. The people demurred to these pleas and the defendant asked that the demurrer be carried back to the *scire facias*. The court denied the motion to carry the demurrer back and sustained the demurrer to the pleas. Appellant elected to stand by his pleas, and the judgment of forfeiture theretofore entered was made absolute, and judgment for the amount of the bond, $1,000, entered against appellant.

The entire defense attempted is based on the assumption that the *scire facias* is a declaration in the case and therefore must not only be sufficient in its averments for the purposes of a declaration, but also falls within the provisions of section 32 of our Practice Act (J. & A. ¶ 8569), providing that if the declaration and copy of writing or account sued on shall not be filed 10 days before the second term of the court, a defendant is entitled to a judgment as in case of nonsuit.

It was held in *Wood v. People,* 16 Ill. 171, that in *scire facias* upon a recognizance the writ is regarded as both process and pleading and contains the allegations essential to a valid declaration; that the defendant answers it as he would a declaration; that this might be a departure from the English practice but was convenient and could not operate to the prejudice of cognizors; that the merits of the case are not in the least affected by dispensing with a declaration; that a *scire facias* is a judicial writ based upon matter of record and is but a continuation of the previous proceedings in the case and "does not fall within the statutory provisions requiring declarations to be filed in original actions"; therefore that a declaration is unnecessary

in the proceeding by *scire facias* upon a forfeited recognizance. The court discussed the writ as a writ and not as a declaration, and expressly held that the statute requiring the declaration to be filed was not applicable and therefore a declaration is entirely dispensed with in the proceeding. The practice indicated is that no declaration be prepared under the rules governing drafting of that pleading, but that a writ be issued embodying the necessary averments of fact to show the defendant's liability, and, that being done, a declaration is entirely dispensed with; that on subsequent pleadings rules applicable to issues of law or fact based on averment or lack of averment in a declaration be followed. Since that decision the courts have repeatedly said that the writ stands in the place of a declaration; serves a double purpose; performs the office of a declaration. We find no case indicating that the writ is a declaration subject to statutory rules applicable only to declarations. The court said in *Lawrence v. People,* 17 Ill. 172: "The *scire facias* stands in the place of a declaration, and, for the purposes of pleading, fills the same office." We do not think that quoted statement has been changed in meaning in subsequent cases when expressions used are read in connection with what the court was considering. See *Shadley v. People,* 17 Ill. 252; *Conner v. People,* 20 Ill. 381; *McFadden v. Fortier,* 20 Ill. 513; *Farris v. People,* 58 Ill. 26; *Rietzell v. People,* 72 Ill. 416; *Peacock v. People,* 83 Ill. 331; *Compton v. People,* 86 Ill. 176; *Smith v. Stevens,* 133 Ill. 183; *McNamara v. People,* 183 Ill. 164.

We see no reason for applying the section in the Practice Act dealing only with declarations to a document that is held not to be one. Section 17 of division 3 of our Criminal Code (J. & A. ¶ 4005) requires the *scire facias* to be issued returnable on the first day of the next term of the court and to be served at least five days before the return day. In the present case

the writ was issued and served in compliance with that statutory provision. It was lost before it was returned into the circuit clerk's possession. Appellant is responsible for the court's ruling that a substantial copy of the writ and the return could not be filed, and cannot here question that ruling; therefore we do not consider whether the court was then in error. But assuming he was not, there was nothing left but to issue an *alias* writ. If express authority is needed to show that an *alias* writ of *scire facias* may issue if it becomes necessary, it is found in *Lane v. People,* 76 Ill. 300. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*