The People of the State of Illinois, Defendant in Error, v. James B. Osby and Harry Schlifke, Plaintiffs in Error.

Gen. No. 33,611.

Opinion filed October 11, 1929.

Wm. M. Micon, for plaintiffs in error; Wm. M. Micon and Robert R. Simon, of counsel.

John A. Swanson, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This writ of error brings up for review the record and proceedings in a certain cause in the criminal court of Cook county, culminating in the entry of an order on April 19, 1929, wherein the court, upon the petition of the State's attorney, vacated an order entered on January 16, 1929, and ordered that a certain judgment of forfeiture on the recognizance of James B. Osby and Harry Schlifke for $3,500, entered on October 1, 1928, be "restored with as full force and effect as if said order purporting to vacate said judgment never had been entered." Recently this Appellate Court denied the State's attorney's motion to strike the bill of exceptions from the files and to dismiss the writ of error. No brief has here been filed by the State's attorney.

The clerk's transcript discloses in substance the following: On February 18, 1927, Osby and others were indicted for conspiracy and thereafter Osby was committed to jail. On December 29, 1927, he, as principal, and Schlifke, as surety, entered into a recognizance in the sum of $3,500, upon condition that Osby should appear in said criminal court on December 30, 1927, and from day to day thereafter until discharged, and abide the order of the court, etc. On June 14, 1928, neither Osby nor Schlifke appearing, their defaults were taken and the recognizance declared forfeited, and the court further ordered that a scire facias issue against them returnable to the next term of the court (which commenced on Monday, July 2, 1928), and also that a *capias* forthwith issue against Osby, and both writs were issued by the clerk. The *capias* is dated *June 14,* and is endorsed by the sheriff as having been received by him on *June 14.* The scire facias apparently is dated *June 29,* and the return of the sheriff on the back is as follows: "The within named defend-

ants cannot be found in my county this July 2, 1928.''
On October 1, 1928, the court entered a default judgment order against Osby and Schlifke in the amount of the recognizance, $3,500,—including in the order other judgments against other parties on other recognizances.

The statute then in force, pertinent to said proceedings, section 17, Division III, of our Criminal Code (Cahill's St. 1927, ch. 38, ¶ 649, p. 944), is in part as follows:

''When any person who is accused of any criminal offense shall give bail for his appearance, and such person does not appear in accordance with the terms of the recognizance, the court shall declare such recognizance forfeited, and the clerk of the court shall thereupon issue a *scire facias* against such person and his sureties, returnable *on the first day of the next term* of the court, to show cause why such judgment should not be rendered against such person and his sureties for the amount of the recognizance, which *scire facias* shall be served by the sheriff of the county where the court is held, upon such person and his sureties, by reading the same to the defendants named in such *scire facias,* at least *five days before the first day of the term* to which the same is returnable; *and in case the person aforesaid cannot be found* by the sheriff, *he shall make return of that fact* to the court. The court shall, *thereupon,* enter judgment by default against the defendants for the amount of the recognizance, unless defendants shall appear and defend such cause; and if the defendants should appear and interpose a defense, then the cause shall be tried in the same manner as other causes of a like nature, after any such recognizance shall be declared forfeited as aforesaid. . . .''

The clerk's transcript further discloses that on January 16, 1929, Schlifke, as surety on the recog-

nizance, filed his verified petition in the cause in which he alleged *inter alia* that on June 14, 1928, when under the terms of the recognizance Osby should have been present so to respond, "he was not so present" and the recognizance was declared to be forfeited; that thereafter, on *June 29,* 1928, scire facias process was issued against Osby and petitioner requiring them to appear on the first day of the next term of the court to show cause, etc.; that thereafter judgment was rendered on the recognizance against them for $3,500; that the first day of the July, 1928, term of the court was on July 2; that, inasmuch as said process was issued on *June 29,* five days did not intervene between its *issuance* and the first day of said July term; and that, hence, the court was without jurisdiction to enter said judgment. He prayed that the judgment be vacated. Acting upon the petition, of which the State's attorney had notice, the court on the same day vacated the judgment. As appears from the petition the *only* ground urged (and acted upon by the court in petitioner's favor) for vacating said judgment of October 1, 1928, was lack of jurisdiction in the court to enter it *because* the scire facias process had not been *issued* "at least *five days* before the first day of the term" to which it was returnable as provided by the statute.

The clerk's transcript further discloses that on February 23, 1929, the State's attorney appeared and was given leave to file an amended petition in which he prayed that said vacating order of January 16, 1929, be vacated, and that the judgment of October 1, 1928, against Osby and Schlifke on the recognizance, stand in full force and effect as of its date. In the petition it is alleged that the *date* of the issuance of said scire facias process "was altered from *June 19th* to *June 29th,* 1928"; that such change "was a forgery or an unauthorized alteration"; and that the sheriff's *original* return on said process "was to the effect that he had

made no service on the defendants but that he did have said writ in his possession at least five days before the first day of said July, 1928, term of the court.'' The hearing on this petition was continued from time to time until April 19, 1929. In the meantime, on March 7, 1929, Schlifke filed another petition, entitled ''petition to vacate forfeiture and judgment,'' in which he prayed that said ''forfeiture and judgment be vacated, the scire facias quashed, and your petitioner be exonerated from any further liability on the bond.'' Inasmuch as said judgment of October 1, 1928, on the recognizance had already been vacated by the order of January 16, 1929, and the State's attorney was seeking to have said vacating order set aside, it is difficult to perceive why Schlifke filed this petition. But in the petition he alleged *inter alia* that the scire facias ''was issued on, to-wit, the *middle or latter part* of June, 1928.'' This is somewhat contrary to the allegations in his former petition, wherein he alleged that said process was issued ''on *June 29th, 1928*.''

The clerk's transcript further discloses that thereafter, and before the hearing on the State's attorney's petition, Schlifke filed an answer to that petition in which he alleged that his former petition of January 16, 1929, *''was based upon error* and was signed without full knowledge of the facts''; that he ''was never served with a scire facias by the sheriff,'' although he has continuously lived in the same location in Chicago as when he signed the recognizance; that the court was ''without jurisdiction'' to enter said judgment against him on said recognizance on October 1, 1928, *because* he was *not served* at least five days before said July, 1928, term of the court; that said scire facias, according to the State's attorney's petition, was issued on June 19, returnable to said July term, ''but that the judgment was not entered until the *October, 1928,* term''; and that, therefore, the court was without juris-

diction to enter it and the same is null and void. The answer concludes that "a new order may be entered vacating the judgment upon the legitimate facts hereinbefore set out." The effect of the answer is virtually an admission by Schlifke that said vacating order of January 16, 1929, was made by reason of an error of fact, but that because of other claims now made for the first time said order should nevertheless stand undisturbed.

In the draft order of April 19, 1929, in question, the court states that there was a hearing on said motion and petition of the State's attorney, that Schlifke had notice thereof, that the records and files in the scire facias proceeding were before the court, that proof of facts stated in said petition was submitted and that arguments of counsel were had. And the court finds that the facts as stated in said petition "are true and are proved," and that said order entered in the cause on January 16, 1929, vacating said judgment of October 1, 1928, and setting aside said forfeiture, "was upon false representation of the facts in relation to the service of said scire facias process, and that the date upon said scire facias process was *falsely and without authority* changed to make it appear that this court lacked jurisdiction to enter said judgment, when as a matter of fact and law this court had full and complete jurisdiction so to enter said order of judgment." The order concludes as first above stated.

The bill of exceptions does not set forth what transpired on said hearing. It merely sets forth *in haec verba* the said order of April 19, 1929, as well as two previous orders of the court, and that to the entry of said orders Schlifke's counsel duly excepted.

One of the grounds here urged by counsel for the reversal of the order of April 19, 1929, is that the court was without jurisdiction to enter said judgment of October 1, 1928, for the reason that it appears that

neither Osby nor Schlifke ever were served with any writ of scire facias. There is no merit in the contention. It sufficiently appears that on June 14, 1928, the court properly declared a forfeiture of the recognizance; that, in accordance with the provisions of the statute then in force, scire facias process was ordered issued, returnable to the July, 1928, term of the court and was in fact issued, returnable to said term, more than five days before the commencement of the term; and that on July 2, 1928 (the first day of the July term), the sheriff made return on the writ that "the within named defendants cannot be found in my county this July 2, 1928." This is all that the statute requires should be done. Actual service of scire facias process, where a recognizance has been forfeited, is not required to be made on the defendants as a condition precedent to the entry of a judgment on said forfeited recognizance. The statute reads "and in case the person aforesaid cannot be found by the sheriff, *he shall make return of that fact* to the court," and, "the court shall, *thereupon,* enter judgment by default against the defendants for the amount of the recognizance, unless defendants shall appear and defend such cause"; etc.

Counsel also contend that said order should be reversed because the judgment of October 1, 1928, was rendered after the return of only *one nihil,* and that, where there is no personal service, there must be a return of *two nihils* before a judgment on a recognizance can be entered. This contention is also without merit. The statute does not require the return of *two nihils* before judgment or execution. Counsel in support of their contention cite the cases of *Sans v. People,* 3 Gilm. 327; *Lytle v. People,* 47 Ill. 422; *Stokes v. People,* 63 Ill. 489. All these cases arose before the statute of 1869 was passed (laws 1869, p. 113), which is very similar to said statute in force in 1927, and said cases

are not now controlling. (See *Rietzell v. People,* 72 Ill. 416, 418; *Piercy v. People,* 10 Ill. App. 219, 221.)

Counsel complain that said judgment for the amount of the recognizance was not entered at said July, 1928, term of the court, but on October 1, 1928, at a *succeeding* term. The argument is that, because of the use in the statute of the word "thereupon" (which according to the definitions given by lexicographers means "immediately; without delay," etc.) judgment *must* be entered at the term to which the scire facias is returnable, and if entered at a succeeding term cannot stand. We see no merit in the complaint or argument.

Our conclusion is that the court properly entered said order of April 19, 1929, and that it should be and it is affirmed.

*Affirmed.*

BARNES, P. J., and SCANLAN, J., concur.