The People of the State of Illinois, Appellee, v. Carl E. Wascher et al., Defendants. Robert Woodward and Mary L. Woodward, Appellants.

Gen. No. 34,984.

Opinion filed December 2, 1931.

FRANK F. TRUNK, for appellants.

JOHN A. SWANSON, State's Attorney, for appellee; HENRY T. CHACE, JR., EDWARD E. WILSON, OTHO S. FASIG and ALBERT C. DEWITT, Assistant State's Attorneys, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This was an action brought by the People of the State of Illinois in the criminal court of Cook county by a scire facias proceeding under paragraph 649, chapter 38, Cahill's Illinois Revised Statutes of 1925. Scire facias was issued out of the criminal court of Cook county against Carl E. Wascher, Robert Woodward and Mary L. Woodward, defendants, to show cause why judgment should not be entered and execution issued against them because of the failure of Carl E. Wascher to appear and stand trial at the October Term of said court. The defendants, Robert Woodward and Mary L. Woodward, were the sureties upon a certain recognizance in said court, under which they obligated themselves to produce the said Carl E. Wascher for trial at said term of court.

The facts are before this court on a stipulation agreed to by all parties and from this stipulation it appears as follows: That the grand jury in and for Cook county at the September Term A. D. 1926, returned an indictment in due form against Carl Wascher on the charge of larceny; September 28, 1926, the said Wascher entered into a recognizance under said proceeding with Robert Woodward and Mary L. Woodward as sureties in the sum of $1,500. At the same time Robert Woodward and Mary L. Woodward presented a written schedule of real estate as security, and entered into an agreement with the State's attorney of Cook county whereby they agreed not to sell, transfer, convey or incumber the real estate they scheduled; that said agreement was demanded by the court as a condition precedent to the acceptance and approval of the bond given by the said Woodwards.

On the 25th day of October, 1926, the defendant Wascher was called in open court in answer to the indictment, but failed to appear and thereupon the said Woodwards, as sureties, were summoned and upon their failure to appear, the bond was declared forfeited.

October 25, A. D. 1926, a scire facias was directed to be issued out of said court against the defendants, returnable the first day of the next term of the criminal court, which was the November Term, and the first day of which fell on November 8, 1926. The writ of scire facias issued out of the office of the clerk of the criminal court on the first day of December, 1926, returnable on the first day of the December Term, next. That part of the scire facias with which this court is particularly concerned was, in words and figures, as follows:

"Now, Therefore, we command you that you summon the said Carl E. Wascher, Robert and Mary L. Woodward if they shall be found in your county, personally to be and appear before our Criminal Court of Cook County, in the County of Cook and State of Illinois aforesaid, on the first day of the next term thereof, to be holden at the Criminal Court House in the City of Chicago, in said County, on the first Monday of December next, then and there show cause; if any they have or can show, why the forfeiture should not be made absolute, and the People of the State of Illinois have execution to make the amount of the same, according to the force, form the effect of said Recognizance."

Thereafter on the 14th day of February, A. D. 1927, a judgment for $1,500 and costs was entered in said scire facias proceeding against the defendants.

September 23, 1929, Robert Woodward and Mary L. Woodward, on notice to the State's attorney, presented to the criminal court of Cook county a petition in which it was represented that the writ of scire facias, issued out of the office of the clerk of the criminal court on December 1, 1926, was served only on Mary L. Woodward and that said service appears to have been made on the 4th day of December A. D. 1926, which was less than five days before the first day of the De-

cember Term for the year 1926, and prayed for an order vacating said judgment.

On October 4, 1929, the criminal court entered an order vacating the forfeiture and the judgment entered on the 14th day of February A. D. 1927; October 9, 1929, an alias writ of scire facias issued out of the office of the clerk of the criminal court, returnable to the November Term of that year; May 9, 1930, the People, by its State's attorney, on notice to the defendants, Robert Woodward and Mary L. Woodward, petitioned the court to vacate that portion of said order of October 4, 1929, purporting to set aside a judgment of forfeiture and this was done on the 29th day of August, 1930. October 9, 1929, the alias scire facias was served upon the defendants, Robert Woodward and Mary L. Woodward, and they thereupon came in and filed certain pleas in said proceeding.

The first plea was of *nul tiel* record; the second plea was the statute of limitations, in that the cause of action had not accrued to the plaintiff within one year and six months before the commencement of the suit; the third plea was a plea of the statute of limitations, in that the cause of action had not accrued to the plaintiff within two years next before the commencement of the suit; the fourth plea was an *actio non* because of the agreement required by the State's attorney of Cook county of the defendants which provided that they would not convey, alienate or incumber the property set out in their schedule. To these pleas the People, by its State's attorney, filed certain demurrers and replications.

December 15, 1930, final judgment was entered against the defendants, from which judgment this appeal has been taken.

Defendants contend: first, that under paragraph 649, chapter 38, Cahill's Illinois Revised Statutes of 1925, which was in force at the time of the forfeiture of the recognizance in question, the scire facias should have

issued in the same term as the forfeiture and should have been made returnable to the next term of court; second, that the action is brought to recover a statutory penalty and is barred by the statute of limitations; third, that the defendants were required to enter into an agreement with the State's attorney not to sell, alienate or incumber the property scheduled and that this requirement vitiated the recognizance. Paragraph 649, chapter 38, Cahill's Illinois Revised Statutes of 1925, reads as follows:

"When any person who is accused of any criminal offense shall give bail for his appearance, and such person does not appear in accordance with the terms of the recognizance, the court shall declare such recognizance forfeited, and the clerk of the court shall thereupon issue a scire facias against such person and his sureties, returnable on the first day of the next term of the court, to show cause why such judgment should not be rendered against such person and his sureties for the amount of the recognizance, which scire facias shall be served by the sheriff of the county where the court is held, upon such person and his sureties, by reading the same to the defendants named in such scire facias, at least five days before the first day of the term to which the same is returnable; and in case the person aforesaid cannot be found by the sheriff, he shall make return of that fact to the court. The court shall, thereupon, enter judgment by default against the defendants for the amount of the recognizance, unless defendants shall appear and defend such cause; and if the defendant should appear and interpose a defense, then the cause shall be tried in the same manner as other causes of a like nature, after any such recognizance shall be declared forfeited as aforesaid."

The particular part of the paragraph relied upon by the defendants is that part which provides that after the court shall have declared the recognizance forfeited, "the clerk of the court shall thereupon issue a

scire facias against such person and his sureties, returnable on the first day of the next term of court.'' It is the position of the defendants that the word ''thereupon'' means immediately after the forfeiture of the recognizance and that the scire facias must be returnable to the term of court immediately following that term at which the recognizance was declared forfeited. With this contention we are unable to agree. As we interpret the word ''thereupon'' it means after the declaration of forfeiture, but not necessarily immediately. A proper interpretation, as we see it, would be that the word ''thereupon'' indicates that the next step in the proceeding should be the issuance of a scire facias, but not necessarily within the same term. A recognizance might be forfeited within a day or two prior to the expiration of the term and it would be impossible to have a scire facias issue in compliance with the statute if the statute were interpreted according to the theory of the defendants. The word ''thereupon'' appears later in this particular section of the act where the provision is made that ''the court shall thereupon enter judgment by default against the defendants for the amount of the recognizance.'' A somewhat similar contention was made in the case of *People v. Osby*, 254 Ill. App. 545. In that case complaint was made that judgment for the amount of the recognizance was not entered at the time, but at a succeeding term. The court in its opinion in that case, says:

''Counsel complain that said judgment for the amount of the recognizance was not entered at said July, 1928, term of the court, but on October 1, 1928, at a *succeeding* term. The argument is that, because of the use in the statute of the word 'thereupon' (which according to the definitions given by lexicographers means 'immediately; without delay,' etc.) judgment *must* be entered at the term to which the scire facias is returnable, and if entered at a succeed-

ing term cannot stand. We see no merit in the complaint or argument.''

Scire facias against bail is the commencement of a new action because it issues out against a person who was not a party to the record in the original proceeding. Its purpose is to notify the principal and sureties of the forfeiture and to give them an opportunity to show cause why judgments should not be entered and execution issue. 3 Ruling Case Law, sec. 80.

It was evidently not the intention of the legislature to provide that the proceeding must be started within a period of a few days. That provision of the enactment, that thereupon a scire facias shall be taken out, clearly means that this step should be taken before execution should issue against the defendants, but it does not necessarily follow that it should be done at the term of court at which the recognizance was forfeited. A natural construction of the enactment would indicate that it was the intention of the legislature that the scire facias should be made returnable to the next term of court after its issuance, and that it should issue a sufficient length of time prior thereto in order that the defendants should have at least five days' notice of the proceeding before the first day of the term to which they were summoned. The act itself provides this, in that it provides that service of the scire facias shall be at least five days before the first day of the term to which it was made returnable. The very fact that a provision is made to the effect that it shall be served five days before the first day to which it is returnable, would indicate that it might be returnable to any term after the judgment of forfeiture.

While the original scire facias may have been defective, in that it was not served within five days prior to the term of court to which it was made returnable, nevertheless, from the record it appears that an alias scire facias issued thereafter on the 9th day of October, 1929, and after the judgment entered in the proceeding

against the defendants had been vacated. The judgment of December 15, 1930, was based on this alias scire facias and, in our opinion, was good.

In the case of *People v. United States Fidelity & Guaranty Co.*, 238 Ill. App. 112, it appears that service on the defendants of a writ of scire facias was held invalid, but the judgment was sustained on a subsequent alias scire facias even though the original was unavailing. The court in its opinion says:

"The institution of a suit by scire facias on default of appearance on a recognizance is for the recovery of a debt. It is a distinct proceeding from the criminal case out of which it arises and in no sense interferes with the progress or process of the criminal charge. It is a civil proceeding. *People v. Phelps,* 17 Ill. 200; *Peacock v. People,* 83 Ill. 331. For this reason the court had jurisdiction at the November term to order an *alias* writ to issue.

"It is the position of appellant that the statute makes no provision for an *alias* scire facias, but provides that if service is not had at least five days before the first day of the term to which it is made returnable, the sheriff shall make a return showing that the defendant cannot be found; that before an *alias* writ can issue, a return of not found shall be made; that the scire facias should be returnable to the first day of court after the entry of the order of forfeiture.

"In *People v. Moore,* 143 Ill. App. 382, it was held that if the sheriff returns the writ before the expiration of five days before the first day of the term, the court has no jurisdiction, and any judgment rendered will be void. In the case at bar the original writ was issued, served and returned, but it was returned more than five days before the first day of the term, and for this reason the court held that a new writ should issue. We do not think it was necessary that there should be a return showing that the defendants could not be found before an *alias* writ could issue. If there was

service upon the defendants and it appears that the service was not good the court had jurisdiction to continue the case for service and issue *alias* process. It was so held in *Lane.v. People,* 76 Ill. 300; *People v. Lewis,* 209 Ill. App. 3.''

In the case at bar we are of the opinion that the court had not lost jurisdiction of the proceedings, but could proceed by subsequent writs of scire facias in order to bring the defendants into court.

The proposition urged by defendants, viz.: that the action is for a statutory penalty and therefore is barred by the statute of limitations, is unsound. The proceeding to recover on the obligation is a civil proceeding and entirely separate and distinct from the criminal action. *People v. Phelps,* 17 Ill. 200; *Peacock v. People,* 83 Ill. 331; *State v. Robb,* 16 Ind. 413. The court in its opinion in the latter case, says:

''The Court, it is true, in cases like this, declares the forfeiture of the recognizance; but the action is not grounded on the forfeiture so declared. Such action is based upon the recognizance, as an ordinary bond with a condition; and in case the condition is broken, it must be enforced like any other bond, by civil suit.'' The court held in the case just cited that the action was not one to recover a statutory penalty and was, therefore, not barred by the statute of limitations provided for in such actions. From the reasoning in that case it would appear that the court considered the action as one similar to an action upon a bond after condition broken. In such event, the action being a civil proceeding, the same statutory period of limitations would apply as would be applicable to actions upon bonds after condition broken.

The bond given in the case at bar was given in conformity with the statute. There was no provision requiring the defendants to refrain from transferring, conveying or alienating the property scheduled. The argument advanced that the requirements of the

State's attorney's office, to the effect that the defendants would not alienate or incumber the property scheduled, amounted to duress, is unsound. The defendants were not compelled to agree to the terms imposed by the State's attorney's office. The signing of the agreement was voluntary; they were not required to go upon the bond and enter into the recognizance if they did not desire to do so. The undertaking entered into with the State's attorney's office was no part of the bond and in our opinion was unenforceable. The bond itself contained no provision to the effect that the property should not be alienated or incumbered. The undertaking which the defendants entered into was that they would produce the defendant Wascher upon the trial or become liable according to the terms of the recognizance entered into. This recognizance was entered into strictly in compliance with the statute and without reference to any outside agreement with the State's attorney's office. The cases cited by counsel in support of their contention are cases where the recognizance itself attempted to impose such a condition. Regardless of the allegation in the pleas and the stipulation that the court knew of the condition entered into with the State's attorney's office, we are bound by the fact that such condition was not contained in the recognizance itself and therefore we assume that the court intended that the conditions contained in the recognizance and those only were to be binding on the sureties. Moreover, the court in its judgment order expressly found that the agreement with the State's attorney's office was void and no part of the recognizance.

We see no reason for disturbing the judgment in this case and, for the reasons stated in this opinion, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and FRIEND, J., concur.