The People of the State of Illinois, Appellant, v. Orsie Tate, et al., Principals, Dominic Cerino, Surety, Appellee.

Gen. Nos. 47,997, 47,998, 47,999, 48,000, 48,001, and 48,002, Consolidated With Gen. No. 47,996.

First District, Second Division.

June 14, 1960.

Benjamin S. Adamowski, State's Attorney of Cook County (Francis X. Riley and John T. Gallagher, Assistant State's Attorneys, of counsel) for appellant.

Le Roy Winer, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

The People have appealed from a judgment dismissing scire facias proceedings upon forfeiture of bonds. The trial court dismissed the writs in the several cases upon the same ground, i. e., the returns "not found" as to the principal cognizors were made less than five days before the return days. The cases have been consolidated in this court.

In all these cases the writs issued upon forfeiture of bonds in offenses against the Criminal Code. The writs issued April 29, 1959, and were returnable June 5, 1959. The bailiff's returns as to the principal cognizors were made "not found" on June 1, 1959.

Because the underlying cases were of a criminal nature the scire facias proceedings were required to conform to section 625 of the Criminal Code, Ill. Rev. Stat., ch. 38 (1959). People v. Rocco, 4 Ill.App.2d 238, 124 N.E.2d 25. That section provides, inter alia: ". . . which scire facias shall be served in like manner as process of summons in a civil action upon such person and his sureties at least 5 days before the return day on which the same is returnable; and in case the person aforesaid cannot be found by the sheriff, he shall make return of that fact. . . ."

■ The People did not question in the trial court the capacity of the surety to challenge the jurisdiction of the court because of the alleged inadequate return of the writ. The question cannot therefore be raised in this court.

The vital question, decisive of the consolidated cases before us, is whether the "not found" returns as to the principal cognizors less than 5 days prior to the return days prevented the trial court's jurisdiction to proceed to judgments against the surety.

■ It is true the court had no jurisdiction to proceed to judgment upon the defective service of the writ. Banta v. People, 53 Ill. 434; People v. Wascher,

317

263 Ill. App. 614; People v. Moore, 143 Ill. App. 382; People v. Thomas, 198 Ill. App. 409. It is not true, however, that the court lost jurisdiction of the case because it then had no jurisdiction of the person. Lane v. People, 76 Ill. 300; People v. Wascher, 263 Ill. App. 614; People v. Lewis, 209 Ill. App. 3; People v. Thomas, 198 Ill. App. 409. The trial court could have continued the cause for issuance and service of an alias scire facias. Lane v. People, 76 Ill. 300; People v. United States Fidelity & Guaranty Co., 238 Ill. App. 112, 119; People v. Wascher, 263 Ill. App. 614.

The instant trial court presumably thought it was without jurisdiction to do anything but dismiss. This was a misapprehension. We are not persuaded that because the People did not seek the alias writ in the trial court this Court is precluded from deciding that the trial court had power to order the alias. The trial court's misapprehension of its power is our warrant for considering the point.

The judgment is reversed and remanded for further proceedings. Banta v. People, 53 Ill. 434.

Reversed and remanded.

MURPHY, P. J. and BURMAN, J., concur.